WILLIAM L. GRUBB, Appellee, *vs.* KING TURNER, Appellant.

*Opinion filed June 18, 1913—Rehearing denied October 15, 1913.*

1. ELECTIONS—*ballot marked with the word "Yes" in circle is properly rejected.* A ballot marked with the word "Yes" in the circle at the head of a ticket does not conform to the method prescribed by the statute for indicating the choice of the voter and is properly rejected.

2. SAME—*ballots not endorsed with initials of judge of election cannot be counted.* Ballots not having the initials of a judge of election endorsed on them cannot be counted. (*Brents* v. *Smith,* 250 Ill. 521, and *Slenker* v. *Engel,* id. 499, adhered to.)

3. SAME—*what constitutes a distinguishing mark.* A ballot marked on its face with a purple, indelible pencil, and having what were probably the initials of the judge on the back of the ballot so nearly obliterated by the purple pencil marks that it is impossible to identify such initials, is properly rejected as bearing a distinguishing mark.

4. SAME—*a ballot with cross in one circle and horizontal lines through the others should not be counted.* A ballot marked with a cross in one circle and with horizontal lines through the other circles should not be counted, as such horizontal lines constitute distinguishing marks.

5. SAME—*when ballot should be counted as a vote for circuit clerk.* A ballot marked with a cross in the circle should be counted as a vote for the candidate for circuit clerk on the ticket so

marked, where the only other marks on the ballot were a figure "3" and a reversed figure "3," one in the square before the name of the candidate for State senator and the other just after the first initial of his name, above which name were printed the words, "For senator," and below it the words, "For representative."

6. SAME—*what not ground for rejecting ballots.* Ballots properly marked to indicate the choice of the voters for certain candidates should be counted for them even though they contain marks, some of them useless, but all of which can be consistently explained upon the ground of honest but ignorant efforts by the voters to indicate their choice for President and Vice-President.

. 7. SAME—*what does not show concerted action to identify ballots.* The fact that eight ballots are marked with a cross in each square on the republican ticket and all but three are marked with a cross in the circle at the head of the progressive ticket, and of these three two are marked with a cross in front of the name of the progressive candidate for President and one with a cross in front of the name of the republican candidate for President, does not show concerted action by the voters for the purpose of identifying their ballots, and they are properly counted.

8. SAME—*what does not render ballots invalid.* Where there are no candidates for county offices on the progressive ticket and the voter writes in on the blank spaces on that ticket the names of the republican candidates for county offices, and then, apparently undecided how to indicate his choice, marks crosses in the squares in front of the names of the republican candidates for county offices as printed on the ticket, the ballot should be counted for the republican candidates for county offices.

9. SAME—*what method of making crosses in squares does not invalidate ballot.* Making the crosses in the squares on a ticket by drawing a continuous perpendicular line through all the squares from top to bottom and crossing it with a horizontal line in each square does not render the ballot invalid.

10. SAME—*when ballots cannot be counted.* A ballot cannot be counted where irregular lines are drawn across the face of four of the tickets, apparently with the intention of canceling them; nor can a ballot be counted where the lines of the cross do not intersect in the square in front of the name of the candidate claiming the benefit of the vote, nor where there is no cross but merely a check mark in the square.

11. SAME—*a heavy cross extending outside the circle does not invalidate ballot.* A ballot is not invalid because the cross in the circle is very heavy and each arm of the cross extends over an inch outside the circle.

12. SAME—*when ballot cannot be counted for candidate properly voted for.* A ballot containing a proper cross in the square in front of the name of the republican candidate for circuit clerk cannot be counted for him where the ballot has crosses in the republican and progressive circles and a diagonal line in the prohibition circle, as the latter line can serve no purpose except as a distinguishing mark.

13. SAME—*when line must be treated as deliberately made as a distinguishing mark.* A curved line drawn at the head of the ballot from the republican circle to the progressive circle cannot be treated as placed there to indicate the voter's choice but must be regarded as deliberately placed there as a distinguishing mark, and the ballot cannot be counted.

14. SAME—*what are not distinguishing marks.* An impression on the back of a ballot, produced by bearing down heavily when marking the cross in a circle, is not a distinguishing mark; nor is a cross on the back of the ballot, apparently made by the soiled surface on which the ballot rested when the cross was marked on the face of the ballot.

15. SAME—*what is not ground for rejecting a ballot.* A ballot properly marked with a cross in the square in front of the name of the democratic candidate for circuit clerk should be counted for him, although the voter wrote in two names as candidates for county offices on the progressive ticket and then drew a single cross through both names.

16. SAME—*a ballot with small circle drawn inside of large one and having a cross marked in the inner circle is invalid.* A ballot upon which the voter drew a small circle inside of the one at the head of a ticket and marked a cross in the small circle must be held to bear a distinguishing mark and cannot be counted.

17. SAME—*ballot with crosses marked with different pencils is properly counted.* It is proper to count a ballot having several crosses in the proper places but having part of the crosses made with a black pencil and the others with an indelible purple pencil.

18. SAME—*when a ballot picked up off floor cannot be counted.* A ballot marked on the inside, having the initials of a judge of election endorsed thereon and properly folded for putting in the ballot-box, but which was picked up on the floor the day after the election and placed with the other ballots, which had already been strung and sealed, cannot be counted, in the absence of some evidence that the ballot was voted and had been in the ballot-box.

19. SAME—*when vote is a tie the result must be determined by lot.* Where the result of an election upon a re-count of the ballots is a tie between the contesting candidates the election must be determined by lot.

20. SAME—*party must point out, in his argument, why ballots should not be counted.* Ballots will be considered by the Supreme Court as properly counted by the trial court, though objected to, where no reason is pointed out in the argument why they should not have been counted or where there is no assignment of error as to them.

21. SAME—*when a cross marked through name must be treated as a distinguishing mark.* A ballot having no marks upon it except a cross in the republican circle and another cross drawn through the middle of the name of the prohibition candidate for President cannot be counted, as the cross through such name cannot be said to have been made to show the voter's intention not to vote for that candidate, as would be the case where a name is crossed off of a ticket which is marked in the circle.

APPEAL from the County Court of Wayne county; the Hon. A. N. TOLLIVER, Judge, presiding.

COOPER & BURGESS, for appellant.

CREIGHTON & THOMAS, and BONHAM & McLIN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant and the appellee were candidates for the office of clerk in the circuit court of Wayne county at the election on November 5, 1912. This is an appeal from a judgment of the county court rendered in a proceeding to contest the election, and its decision depends upon the counting of 58 ballots, 11 of which were counted for the appellant, 39 for the appellee and 8 were not counted. The canvassing board found that the appellant received 2529 votes and the appellee 2520. The ballots were counted on the hearing, and there were counted, without objection, 2510 votes for the appellant and 2487 for the appellee. Seventy-five ballots were objected to, but subsequently appellee withdrew his objections to 10 of the ballots and the appellant withdrew his objections to 7, thus making the uncontested vote of the appellant 2520 and of the appellee

2494. The addition of the contested votes as they were counted by the court made the appellant's total 2531 and the appellee's 2533. The court ordered one vote deducted from the appellant's total for reasons which will be stated hereafter, thus reducing his total vote to 2530. The appellant now insists that 7 ballots should have been counted for him which were not, and that 39 ballots were wrongly counted for the appellee. The appellee has assigned cross-errors on the action of the court in refusing to count one ballot for him and in counting 10 ballots for the appellant. The appellant was the democratic candidate and the appellee the republican. The original ballots which are in controversy have been certified to us.

The court refused to counts ballots Nos. 1, 65, 72, 74, 81, 99 and 114 for the appellant. No. 1 was marked with the word "Yes" in the democratic circle. The statute provides the method for indicating the voter's choice by making a cross in the circle or squares on the ballot, and unless there is an honest attempt on the part of the voter to comply with this provision of the law his ballot will be rejected. (*Slenker* v. *Engel,* 250 Ill. 499.) This ballot was properly rejected.

Nos. 65, 74 and 99 were not indorsed with the initials of a judge of election. They were properly rejected. (*Brents* v. *Smith,* 250 Ill. 521; *Slenker* v. *Engel, supra.*) We are asked to reconsider the previous decisions of this question, but it has often been considered and determined, and we regard it now as a settled rule, that ballots not having the initials of a judge of election indorsed cannot be counted.

Ballot No. 114 is marked on the face with a purple, indelible pencil. On the back some marks appear made with a black pencil, which probably were the initials of L. H. Weaver, one of the judges of election, though it is impossible to tell, for they are almost obliterated by heavy marks made with an indelible pencil. These marks could not have been placed there with any intention of indicating the vot-

er's choice but must have been for some ulterior purpose. They deface the ballot by obliterating the means of identification and they constitute a distinguishing mark. This ballot was properly rejected.

No. 81 has a cross in the democratic circle and horizontal lines through the circles in each of the other five tickets. These must be regarded as distinguishing marks, and the ballot was properly rejected.

W. Duff Piercy was a candidate for senator in the Forty-sixth district, and immediately above his name appear the words "For senator" and below it the words "For representatives." Ballot No. 72 is a straight democratic ballot marked in the circle and having no other mark on it except that between the square before Piercy's name and the initial "W" appears a reversed figure "3" and between the "W" and "Duff" appears the figure "3." The voter probably intended to cast three votes for Piercy. This ballot should have been counted for appellant.

It is assigned as error that the court erroneously counted for the appellee 39 ballots to which the appellant objected. As to four of these ballots (Nos. 2, 13, 37 and 135,) the argument offers no reason why they should not be counted. The objections to ballots Nos. 8, 11, 14, 24, 29, 30, 31, 35, 45, 49, 52, 56, 98, 102, 115, 117, 122 and 129 are of the same general character. Each was marked with a cross in the circle at the head of one of the tickets or with crosses in the squares in front of the names of candidates. In each case the voter placed a cross in front of the name of a candidate for President or Vice-President, or both,—sometimes on the same ticket which was marked in the circle, sometimes on another ticket, and sometimes in front of the name of a candidate for President on one ticket and for Vice-President on another. In one case lines were drawn through the name of the candidate for President on the ticket which was marked in the circle and a cross placed in front of the name of another candidate for President. The

objection is made that these marks, made in plain disregard of the statute, should be regarded as distinguishing marks. They all appear to be ignorant efforts to indicate a choice for President or Vice-President. These marks can all be reasonably explained consistently with the honest effort of the voter to indicate his choice of candidates, and though some of them are useless for that purpose, the ballots should not be rejected as to candidates for whom a choice is expressed in accordance with the statute. *Winn* v. *Blackman,* 229 Ill. 198; *Rexroth* v. *Schein,* 206 id. 80.

Ballot No. 50 is a straight republican ballot, having no marks upon it except a cross in the republican circle and another cross drawn through the middle of the name of Eugene W. Chapin, prohibition candidate for President. It differs from the case where lines are drawn through the name of a candidate upon a ticket marked in the circle. In such case the evident intention is to indicate that the voter does not vote for the candidate whose name is erased. Here the mark does not indicate any intention on the part of the voter, and the ballot should have been rejected.

Ballots Nos. 28, 51, 58, 59, 61, 91, 130 and 134 are each marked with a cross in each square on the republican ticket. All but three were marked with a cross in the circle at the head of the progressive ticket, and of the three exceptions two were marked with a cross in front of the name of the progressive candidate for President and one with a cross in front of the republican candidate for Vice-President. Three of these ballots were cast in one precinct, and the republican ticket had two blank spaces under the name of the candidate for representative, before which were squares, in which crosses were marked on all these ballots. From these circumstances we are asked to infer that there was a concert of action on the part of the voters for the purpose of identifying and distinguishing these ballots. The circumstances are consistent with honest intention and the ballots were properly counted.

Ballot No. 71 has a cross in the republican circle.  It shows through on the back.  The appellant contends that the mark on the back is made with carbon.  From an examination of the ballot we are not convinced that the mark was made with carbon.  It may as well have been caused by the pressure of the pencil on the face of the ballot resting on a soiled support.

Ballots Nos. 75 and 83 are alike.  The progressive ticket had no candidates for county offices.  These ballots were marked with a cross in the progressive circle.  In the blanks left for names of candidates for county offices the voter in each case wrote in the names of candidates on the republican ticket.  Instead of making a cross in the square before each name written in, he then went across to the republican ticket and put a cross in the square before each name printed there.  It appears that the voter first wrote in the names, and then, doubting the efficacy of this means of indicating his vote, marked the names printed on the ballots.  These ballots were properly counted.  *Smith* v. *Reid,* 223 Ill. 493; *Arnold* v. *Keil,* 252 id. 340.

Ballot No. 80 was rightly counted for the appellee.  It was marked with a cross in the republican circle and a cross in each square, made by drawing a continuous straight line through the squares from top to bottom and crossing it with a horizontal mark in each square.

Ballot No. 121 was marked with a heavy cross in the republican circle, each arm extending over an inch outside the circle.  It was properly counted.  *Kerr* v. *Flewelling,* 235 Ill. 326.

Ballot No. 41 was marked with a cross in the republican circle.  Across the face of four of the tickets were drawn irregular lines, apparently intended to cancel these tickets.  Such marks have been held to make the ballot void, and it should not have been counted.  *Kerr* v. *Flewelling, supra.*

Ballot No. 94 should not have been counted for the appellee.  The lines of the cross do not intersect within the

square in front ·of his name. *Smith* v. *Reid, supra; Kerr* v. *Flewelling, supra.*

Ballot No. 112 has no cross in the square opposite appellee's name. It has a check mark, whose lines do not cross. It should not have been counted for him.

Ballot No. 22 was properly rejected. It had crosses in the republican and progressive circles, a diagonal line in the prohibition circle, and a cross in the square in front of the appellee's name. The diagonal line was a distinguishing mark, and the ballot could not be counted for the appellee for the same reason which prevented the counting of ballot No. 81 for the appellant.

Ballot .No. 6 was properly counted for the· appellant. The lines cross in the square opposite the appellant's name.

Ballot No. 57 was marked in the republican circle, the progressive circle and in the square opposite the appellee's name. A curved line was drawn at the head of the ballot from the republican to the progressive circle. The ballot was counted for appellant but should not have been. The curved line could not possibly be used, in whole or in part, for the purpose of indicating the voter's choice. It was deliberately, and not accidentally, placed on the ballot and must be regarded as a distinguishing mark.

Ballot No. 76 was properly counted for the appellant. The slight impression on the back is produced by the pencil used to mark the circle at the head of the democratic ticket on the face of the ballot.

On ballot No. 84 the voter wrote the names of two candidates for county offices in the proper places on the progressive ticket, then drew a single cross through both names and placed crosses in the squares in front of the names as they appear printed, one on the republican ticket, the other on the democratic ticket. The appellant's was the name on the democratic ticket and the ballot was properly counted for him.

Ballots Nos. 85 and 88 were objected to by the appellee, but no argument is offered for their rejection. On the contrary, the appellee in his brief says he thinks they were properly counted.

Ballot No. 109 has five crosses on its face,—two made with an indelible purple pencil and three with a black pencil. These cannot, of themselves, be held to be distinguishing marks. The ballot was rightly counted for appellant.

In ballot No. 120 the lines are blurred, irregular and confused, but there is a cross in the democratic circle, and it was properly counted for the appellant.

The voter of ballot No. 124 drew a small circle within the circle at the head of the democratic ticket and a cross inside the small circle. The ballot was counted for the appellant. It should have been rejected.

No argument is presented against the counting of ballot No. 78 and no assignment of error as to No. 123, and they are therefore properly counted.

It is assigned for error that the county court deducted one from the appellant's total vote at the close of the count. It was stipulated that one more ballot was returned by the judges of election in Fairfield precinct than the names of voters shown by the poll-book. The evidence shows that at the close of the polls in this precinct, about five o'clock in the evening, the ballots were emptied from the ballot-box on a table and were counted three times, each count showing a deficiency of one ballot according to the number of names on the poll-book. About eleven o'clock the next forenoon the counting of the votes had been completed, the ballots strung and sealed up and one of the judges of election was cleaning up papers and rubbish off the floor, when he picked up from the floor, about two feet from the table, a ballot having the initials of one of the judges on the outside, properly folded to go in the ballot-box and marked on the inside. On the supposition that this was the supposed missing ballot, the sack containing the ballots was opened,

each candidate indicated on the ticket, including the appellant, was given one more vote, and the tally sheets and returns were changed accordingly. In fact, however, there was no missing ballot, for the sack, when returned to the county clerk, contained one ballot more than the proper number. Each party moved the court to eliminate one ballot from the precinct, the appellant's motion being directed against ballot No. 99, which has been heretofore mentioned on which no initials of a judge of election were indorsed, the appellee's against the ballot picked up from the floor. The action of the court in sustaining the latter motion was correct. While the ballot unindorsed with the judge's initials was necessarily rejected, yet the evidence indicates that it was in the ballot-box, while there is no such inference to be drawn from the evidence in regard to the ballot found on the floor. How it got there is unexplained, and before the court can be said to have committed error in refusing to count it, some evidence should be produced that it had been actually in the ballot-box and had been voted. The court did not err in deducting this vote from the appellant's total.

The result is that to the 2530 votes which the county court gave to the appellant should be added ballot No. 72 and from those votes should be taken ballot No. 124, making no change in his total vote. From the appellee's total should be deducted ballots Nos. 41, 94 and 112, reducing his total vote to 2530. Under such circumstances the statute requires the parties to decide by lot which shall be declared elected.

The judgment of the county court will therefore be reversed and the cause remanded to the county court of Wayne county, with directions to require the appellant and the appellee to decide by lot, in such manner as the court may direct, which of them shall be declared elected, and to enter judgment accordingly.

*Reversed and remanded, with directions.*