(No. 12700.—Judgment affirmed.)
F. R. ISENBURG, Appellant, *vs.* C. I. MARTIN, Appellee.

*Opinion filed June 16, 1920.*

1. ELECTIONS—*general rule as to what constitutes a distinguishing mark on ballot.* Any deliberate marking of the ballot by a voter that is not made in an attempt to indicate his choice and is effective as a mark by which his ballot may be identified is to be considered as a distinguishing mark.

2. SAME—*what marks on ballots are distinguishing marks.* A straight red mark drawn through all the squares opposite the names of candidates of the party for which the voter has voted by making a cross in the party circle, or a small circle drawn inside the party circle in which a proper cross is made, constitutes a distinguishing mark which renders the ballot void.

3. SAME—*what marks on ballots are not distinguishing marks.* A very light line opposite a candidate's name, evidently made by a flourish of the pencil by someone other than the voter, figures written in one corner or on the back of a ballot, evidently written by the printer or by a judge or clerk in counting the ballots, or two small dots just above the party circle containing a cross, apparently made to see if the pencil would write, are not distinguishing marks.

4. SAME—*what crosses are sufficient to constitute valid votes.* No particular form of cross is required to be made by the voter, and a St. Andrew's cross in a party circle, or a double cross made by drawing a horizontal line across a curved line within a party circle, is a cross sufficient to constitute a valid vote and is not a distinguishing mark.

5. SAME—*effect where crosses are made in two party circles and also in squares opposite candidates of one party.* Where a voter makes crosses in two party circles and also makes crosses in the squares opposite the names of the candidates on one of the tickets, the crosses in the circles neutralize each other while the crosses in the squares constitute valid votes for the candidates whose names are opposite those squares.

6. SAME—*cross in party circle is a vote for candidate whose name is written in.* A cross in the party circle at the head of a ticket having the names of no candidates for county office printed thereon is a vote for a candidate for county office whose name is written by the voter on the ticket though no cross is marked in the square to the left of the written name; and marking the ballot in such manner does not constitute a distinguishing mark.

7. SAME—*when ballot is invalid as having been voted for two candidates.* Where a voter votes for a candidate by making a proper cross in the square opposite the candidate's name and makes a cross like a capital T in the square opposite the name of another candidate for the same office, the latter cross must be regarded as a vote and the ballot cannot be counted for either candidate, as the voter has voted for both of them.

8. SAME—*when ballot is invalid for want of cross in square or circle.* A ballot which contains no cross in the party circle and has only a check-mark or a straight line drawn in the square opposite the candidate's name cannot be counted for the candidate.

9. SAME—*when ballots are mutilated so they cannot be counted.* Ballots which are defectively cut by the printer so that the heading "Official Ballot" and the party circles and designations are omitted, together with the names of some of the candidates near the head of the ticket, while the remainder of the ballot includes the women's ballot printed beneath, should not be handed to the voters and if voted will not be counted.

10. SAME—*effect of writing the word "yes" in a party circle.* The word "yes" written in a party circle is not sufficient to cast a vote for any candidate on that ticket, but it cannot be held to be a distinguishing mark.

11. SAME—*the effect of making crosses in two or more party circles.* The making of crosses in circles of two or more party tickets nullifies the ballot in so far as the tickets contain the names of candidates for the same offices but is valid as to candidates for offices for which there are nominations on one of such tickets, only.

12. SAME—*ballot cannot be counted for candidate where cross is marked out.* Where the voter, after making a cross in the square to the left of a candidate's name or in the party circle, attempted to mark out the cross by other lead pencil marks, the ballot should not be counted for the candidate for whom it was so marked.

13. SAME—*correcting a mistake cannot be considered a distinguishing mark.* Obliterating a square opposite a candidate's name by pencil marks and writing the word "wrong" to the left of the square is a clear indication of the correction of a mistake and should not be considered as a distinguishing mark.

14. SAME—*what marks do not constitute a cross.* Neither making a straight mark across a square opposite a candidate's name nor making a circle within the square can be considered a cross sufficient to cast a vote for the candidate.

APPEAL from the County Court of Tazewell county; the Hon. CHARLES SCHAEFER, Judge, presiding.

W. J. REARDON, and WILLIAM A. POTTS, for appellant.

WILKINS & BRECHER, and CURRAN & DEMPSEY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, F. R. Isenburg, democratic candidate for county superintendent of schools of Tazewell county, on December 4, 1918, filed a petition in the county court of said county to contest the election of C. I. Martin, republican candidate for said office, who was declared elected upon a canvass of the returns of the general election held November 5, 1918. Upon answer to the petition and replication thereto being filed, issues were joined and proper proofs made of the preservation of the ballots, and an order was entered that the ballots be opened and re-counted. Upon a re-count 3052 ballots were counted for appellant without objections and 3062 ballots were counted for appellee without objections. During the count appellant objected to 83 ballots, which were designated as petitioner's objected-to ballots numbered from 1 to 83, inclusive. Appellee objected to 89 ballots, designated as defendant's objected-to ballots numbered from 1 to 89, inclusive. The court ordered that 74 of the ballots designated as defendant's objected-to ballots should be counted for appellant, and that 68 of the ballots designated as petitioner's objected-to ballots should be counted for appellee. The final count as ordered by the court made a total of 3126 ballots for the appellant and 3130 ballots for appellee, and the court thereupon declared appellee elected by a majority of four votes. During the re-count of the ballots appellee filed a motion to throw out and to not count all the ballots in precincts No. 1, No. 3, No. 4 and No. 9 in the city of Pekin, in said county, on the ground that the ballots were handed out by judges to the voters in each of said precincts which contained the initials of judges in each of said precincts other than the

judges handing out such ballots, all of said precincts having cast majorities for appellant over appellee for said office as counted and returned by the judges of the election. The court overruled that motion. Errors have been assigned on this appeal by appellant and cross-errors have been assigned and argued by appellee in regard to the rulings of the court for and against the parties, respectively.

Appellant questions the ruling of the court in counting for appellee ballots designated as petitioner's objected-to ballots numbered 6, 10, 11, 15, 45, 46, 52 and 62. All of these ballots except Nos. 45 and 52 were objected to solely on the ground that they contained distinguishing marks and should not have been counted for that reason. This court has repeatedly held that any deliberate marking of the ballot by a voter that is not made in an attempt to indicate his choice and is also effective as a mark by which his ballot may be identified should be considered as a distinguishing mark. (*Hodgson* v. *Knoblauch*, 268 Ill. 315; *Perkins* v. *Bertrand*, 192 id. 58.) Applying this rule, we think two of these ballots (Nos. 6 and 62) are clearly objectionable as having on them distinguishing marks and that the court erred in counting them for the appellee. No. 6 contains a bright-red cross in the circle at the head of the republican column. It also contains a straight red mark from the top of the square opposite the first name on that ticket for United States senator straight down through the squares at the left of all the names on the republican ticket and extends below the last name on that ticket and almost to the bottom of the ballot, and is apparently made with the same pencil and is one long continuous red line extending almost across the sheet, as aforesaid. There is no other marking by the voter upon this ballot. He had perfectly marked the ballot when he put his cross in the circle, and the long continuous mark has no tendency in any way to explain his vote and could only serve for the purpose of identifying the vote, as it is an unusual mark and not made by the

ordinary black lead pencil usually found in voting booths, and which was used by the other voters voting at the same election precinct as did this voter at Pekin precinct No. 1. No. 62 contains an inner circle in the republican circle and a cross made within the inner circle, the ends of the lines forming the cross extending out through the lines forming the inner circle. The inner circle so made by this voter is exactly similar to that on ballot No. 124 rejected by the court in the case of *Grubb* v. *Turner,* 259 Ill. 436, and for the reasons there given it is held to also be a void ballot.

Petitioner's objected-to ballot No. 10 has a small curved mark on the left-hand margin of the ballot, which is about an inch and a half from one end of the curve to the other, and an inspection of the ballot shows plainly that it was inadvertently and unintentionally made. While it might possibly serve as a mark of identification, yet it is clearly a mere flourish of the pencil, and the mark is not of the same color and not made with the same pencil as the markings by the voter on the ballot. The ballot has a cross in the republican circle and also a cross in the square in front of the name John T. Elliff, candidate for county judge on the democratic ticket, both made with an ordinary black lead pencil, while the flourish mark is of a purple color and is a very light line drawn just opposite or to the left of John T. Elliff's name. It was evidently inadvertently made by some person other than the voter, and the court properly counted the ballot for appellee.

Ballot No. 11 was also properly counted for appellee. It has a cross in the republican circle and no other mark upon the ballot except the figures 75 written in the upper left-hand corner above the democratic ticket, and is not made with the same pencil used in making the cross by the voter, the cross being made apparently with an indelible pencil, which makes a purple mark, while the figures are written with an ordinary black lead pencil. These figures were evidently written either by the printer who printed the ballot

or by some other person for the purpose of notation, and not by the voter. This ballot was properly counted for the same reason as was ballot No. 33 in the case of *Kerr* v. *Flewelling,* 235 Ill. 326.

Ballots Nos. 15 and 46, objected to by appellant, were properly counted for appellee. No. 15 contains a cross in the republican circle and no other marking on the ballot except two very small dots, apparently made with a pencil, just above the republican circle, and for the purpose of testing the pencil to see if it would write. If made by the voter, which is doubtful, it is clear that it was not done deliberately with an intent to distinguish the ballot, as was the case in the ballot passed on in *Caldwell* v. *McElvain,* 184 Ill. 552, which had a number of rather large dots inside the democratic circle and extending entirely around the circle, making a complete circle of such dots in the democratic circle. No. 46 has a St. Andrew's cross in the republican circle at the top of the ballot and contains no other marking. No particular form of cross is required to be made by the voter, and while this cross is not an ordinary cross yet it is a cross, and cannot be held a distinguishing mark merely because it is different in character from the ordinary cross. A cross very similar to this was held valid and not constituting a distinguishing mark in *Winn* v. *Blackman,* 229 Ill. 198.

Ballots Nos. 45 and 52 were also properly counted for appellee. No. 45 has a cross in the republican and democratic circles and also a cross in all the squares on the republican ticket. The crosses at the head of the two tickets neutralize each other and should be considered as if the ballot had a cross in neither circle. The cross in the square to the left of appellee's name, under such ruling, makes it a valid vote for appellee. (*Perkins* v. *Bertrand, supra.*) No. 52 contains a cross in the prohibition circle, which party ticket had the names of no candidates printed thereon for county offices. The voter voting this ballot wrote the name

of appellee in the proper blank on this ballot and there was a square to the left of appellee's name when so written. No cross was placed in this square to the left of appellee's name, as directed by section 23 of the Australian Ballot law. Appellant's contention that it was mandatory for the voter to place a cross in this square in order to have it counted for appellee cannot be sustained under the holding of *Pierce* v. *People,* 197 Ill. 432, which holds that the cross in the circle at the top of the ticket under such circumstances requires it to be counted for all candidates on the ticket, including those whose names are written in blank spaces, just the same as if all the names on the ballot had been printed. The writing of the name of appellee on the ballot constitutes no distinguishing mark. *Arnold* v. *Keil,* 252 Ill. 340.

Appellant's contention that the court erred in refusing to count for him ballots Nos. 2, 16 and 17, designated in the record as defendant's objected-to ballots, cannot be sustained. No. 2 of said ballots has a cross in the square to the left of appellant's name and also a cross in the square to the left of appellee's name, the latter cross being a straight line in the square met in its center by a vertical line drawn beneath it, forming a cross like a capital T. This latter cross has been recognized by this court as a sufficient cross when made in the square to the left of the name of a candidate. (*Slenker* v. *Engel,* 250 Ill. 499; *Brents* v. *Smith,* 250 id. 521; *Hodgson* v. *Knoblauch, supra.*) This ballot can be counted for neither candidate, as the voter voted for both of them. (*Smith* v. *Reid,* 223 Ill. 493.) The other two of said ballots were defectively marked and for that reason cannot be counted. No. 16 has a mere check-mark in the square to the left of appellant's name, which does not form a cross. (*Grubb* v. *Turner, supra.*) No. 17 only has a straight line drawn in the square opposite appellant's name. Both ballots are invalid for want of a cross in the square or circle. *Slenker* v. *Engel, supra.*

The court also properly ruled that the ballots designated as defendant's objected-to ballots Nos. 20 and 21 cannot be legally counted for appellant. They were properly regarded as mutilated ballots or ballots not prepared in the form required by law. They were defectively cut by the printer, so that the heading, "Official Ballot," and all the party circles and party designations, were omitted from the ballot. All the names of the candidates for United States senator, for State Treasurer, for Superintendent of Public Instruction, and the name of the first candidate for trustees of the University of Illinois, are also omitted from these ballots. The county clerk's indorsement on the back of the ballot required by the statute is also omitted. The complete "Women's Official Ballot" is printed at the foot of these ballots. The form of the ballots is accounted for clearly by the fact that the printer, while cutting them the same size as all the other ballots voted at this election, erroneously so cut them as to include the women's ballot printed beneath the men's ballot and so as to omit the parts of the men's ballot above indicated. The judges of the election should not have handed out such mutilated ballots to the voters, and the voters should have returned them and secured proper ballots in their stead when they learned that they were so mutilated. The voters in these two instances failing to cast ballots legal in form were not entitled to have them counted for petitioner although they contained crosses in the squares to the left of his name in the usual and proper form. *Kerr v. Flewelling, supra; Brents v. Smith, supra.*

The ballot designated as petitioner's objected-to ballot No. 8 is identical in form with Nos. 20 and 21, and was properly marked by the voter with a cross in the square to the left of appellee's name. The court refused to count this ballot for appellee and he has assigned cross-errors on such ruling. For the same reason as aforesaid this ballot was properly not counted for appellee.

The court refused to count for appellant the ballot designated as defendant's objected-to ballot No. 14. This ballot contains a cross in the party circles of the democratic, socialist, prohibition and socialist labor parties. The word "yes" is written in the republican circle but no cross is therein written. There were no candidates for county offices on any of the tickets above named except the republican and democratic tickets It was not proper to count this ballot as a vote for appellee because the word "yes" written in the republican circle is not sufficient to cast a vote for any one on that ticket. (*Grubb* v. *Turner, supra.*) The word "yes" so written on the ballot cannot be held to be a distinguishing mark. (*Parker* v. *Orr,* 158 Ill. 609.) The marking in two or more circles of party tickets only nullifies the ballot in so far as both tickets contain the names of candidates for the same office. As there were no candidates for county superintendent of schools on the socialist, prohibition and socialist labor tickets, the cross in the democratic circle constituted a vote for appellant, and the court erred in not counting it for him.

There are two other ballots, designated as defendant's objected-to ballots Nos. 12 and 53, that were counted for appellant over the objections of appellee, and he has assigned and argued cross-errors on the court's ruling. No. 12 appears to have been first marked with a cross in the square to the left of appellant's name. That cross was then sought to be obliterated by the voter by making many marks across the cross in the square so as to completely cross out and blacken the cross originally written in the square. The voter made plain crosses in the square to the left of two names on the republican ticket and eleven other names on the democratic ticket but did not undertake to obliterate any of them by any other marking in the squares. There is no cross in the republican circle or in the square to the left of the name of appellee. It is very clear from the ballot that the voter at first voted for appellant and then con-

cluded that he would vote for neither appellant nor appellee, and canceled his vote for appellant by blackening the square and cross as aforesaid. The rule established by this court is, that where the voter, after making a cross in the square to the left of a candidate's name or in the party circle, has attempted to mark out the cross by other lead pencil marks the ballot should not be counted for the candidate for which it was so marked. (*Caldwell* v. *McElvain, supra; Brents* v. *Smith, supra.*) The same kind of objection is made to ballot No. 53, but we do not think the objection can be sustained to that ballot. The markings on this ballot are in the democratic circle. Apparently the first mark made therein is a semicircle, with its curved portions passing through the center of the circle, the two lines of the semicircle curving out and upward and crossing the upper part of the circle to the right and to the left of the highest point of the circle and at about equal distances therefrom. This semicircle is then crossed by a figure looking like a long capital U, the upper and open portions of the U extending from the top part of the circle and at equal distances from the highest point of the circle. This U extends down clear across the circular part of the semicircle. There is then a line running from right to left that crosses this long U and also passes through the lowest part of the line forming the semicircle. This line, with the long U, makes a double cross. We think it should have been counted for appellant, and that none of the marks made in this circle are distinguishing marks or marks used by the voter to cancel or erase the crosses made by him.

Defendant's objected-to ballots Nos. 18 and 3 were properly counted for appellant, as they had proper crosses in the squares to the left of his name. No. 18 apparently had a cross placed in the democratic circle and then was completely obliterated by pencil markings, after the fashion of defendant's objected-to ballot No. 12. Ballot No. 3 has the square to the left of the name of the candidate for county treasurer

223 — 27

on the republican ticket completely obliterated by the voter by pencil marks and the word "wrong" written to the left of that square. The voters of these two ballots clearly intended to correct errors they had made by obliterating the cross and square as aforesaid, and for the same reasons given to sustain the defendant's objected-to ballot No. 12 these two ballots were properly counted for appellant. The obliterating of this square and the writing of the word "wrong" was a clear indication that the voter had made a mistake which he thus corrected. Correcting a mistake in that manner should not be considered as a distinguishing mark. *Brents* v. *Smith, supra.*

Defendant's objected-to ballot No. 57 has a plain cross in the democratic circle. On the back of the ballot are found written the figures and word "31 Dem.," with a circle drawn around them. This ballot was correctly counted for appellant, as it is very apparent that one of the election judges or clerks, and not the voter, wrote the figures and word above quoted and enclosed in the circle. They therefore do not constitute a distinguishing mark.

We have also considered defendant's objected-to ballots No. 24, No. 26, No. 68, No. 71 and No. 83, and find that they were clearly and properly marked for appellant by the voters and are without distinguishing marks, and hence were properly counted for appellant.

We have also examined petitioner's objected-to ballots Nos. 2, 69 and 73, all of which were attempted to be voted for appellee but are all void ballots because the marking in appellee's square was made by either writing a straight mark across the square or a circle within the square, none of which constituted a cross. The court properly refused to count such ballots.

The result of our conclusion is that the court failed to count one vote for appellant that should have been counted for him as aforesaid and that there was one ballot counted for him that should not have been counted for him, and

that there were two ballots counted for appellee that he was not entitled to, leaving the total votes for appellant at 3126 and for appellee 3128. Appellee having a majority of two votes, it will not be necessary for us to pass on the cross-errors assigned by him on the court's ruling in refusing to throw out and not count the ballots in precincts Nos. 1, 3, 4 and 9 in the city of Pekin.

The judgment of the county court is affirmed.

*Judgment affirmed.*