WESLEY PATTERSON, Appellee, *vs.* R. A. JOHNSTON, Appellant.

*Opinion filed December 21, 1927.*

1. ELECTIONS—*whether ballots have been properly preserved is question of fact.* In an election contest no hard and fast rule of law can be laid down by which it can be determined, as a matter of law, that the ballots are or are not admissible in evidence, but the question whether the ballots have been properly preserved is in every case one of fact, to be determined by the evidence.

2. SAME—*mere irregularities in conduct of election cannot affect validity of ballots.* The votes of innocent electors are not to be rendered invalid by mere irregularities on the part of election officials which do not affect or change the result of the election, unless the statute expressly declares such irregularities fatal.

3. SAME—*purpose of the printed ballot.* The object of the official printed ballot is not to furnish voters with information as to the persons who are candidates of their respective parties or of any party, but to enable them to indicate in the prescribed form the candidates of their individual choice.

4. SAME—*when cross in party circle is a vote for candidate whose name is written in.* Although there are no candidates' names under a certain party designation on the official printed ballot, the writing in of a candidate's name in the blank space for a particular office and the marking of a cross in the party circle will constitute a vote for the candidate whose name is written in even though there is no cross in the square opposite the candidate's name, as the intention of the voter is sufficiently indicated.

5. SAME—*ballot will be counted if intention of voter can be fairly ascertained.* If an honest intention of the voter can be fairly ascertained from his ballot, the voter will not be disfranchised or deprived of his right to vote through mere inadvertence, mistake or ignorance, provided no mandatory provision of the Ballot law is violated.

APPEAL from the County Court of Effingham county; the Hon. WILLIAM McCARTY, Judge, presiding.

WALTER C. KLITZING, and BYRON PIPER, for appellant.

PAUL TAYLOR, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

On April 5, 1927, an election was held in Moccasin township, Effingham county, for the election of a supervisor, justice of the peace, constable and school trustee for said township, which had only one voting precinct. As the result of the election, appellant, R. A. Johnston, was declared to have received 89 votes for supervisor, and appellee, Wesley Patterson, declared to have received 87 votes for such office, and Johnston was declared elected to the office. Appellee filed his petition in the county court of that county to contest the election of appellant to such office.

An answer was filed to the petition and the cause was heard by the county court of Effingham county, and on June 2, 1927, after a re-count of the ballots cast at the election, the court found that appellee had received 101 votes and appellant 89 votes, and ordered and adjudged that appellee was duly elected supervisor at such election and adjudged that appellant pay the costs of the proceeding, from which judgment appellant has appealed to this court.

Prior to the election the names of the republican candidates for the various offices had been properly certified to the township clerk and their names properly placed on the official printed ballot. While the democratic party was authorized by law to have the names of its candidates certified and printed upon the ballot, for some reason no certificate of their nomination was filed, and the official ballots furnished to and used by the voters at the election were in the following form:

## ◯ REPUBLICAN    ◯ DEMOCRATIC

| For Supervisor | For Supervisor |
|---|---|
| ☐ R. A. JOHNSTON | ☐ ............................ |
| For Justice of the Peace | For Justice of the Peace |
| ☐ L. C. BACKENSTOE | ☐ ............................ |
| For Constable | For Constable |
| ☐ ALBERT THOMPSON | ☐ ............................ |
| For School Trustee | For School Trustee |
| ☐ WILLIAM WACHTEL | ☐ ............................ |

Appellant in his brief says: "The canvass of the votes cast showed that appellant had received 89 votes and appellee 87 votes, and the appellant was declared elected. There were 14 votes cast by voters who attempted to vote for the appellee by writing his name in under the words 'For Supervisor,' in the democratic column, and making a cross in the large circle before the word 'Democratic' but making

no cross in the little square to the left of the appellee's name so written in. These 14 votes were rejected by the judges of the election and not counted for the appellee, which, if counted, would have elected appellee by a majority of 12 votes." Upon the trial in the county court appellee introduced in evidence, over appellant's objection, the ballots cast at the election, and these 14 votes rejected by the judges of election were counted for appellee.

It is contended by appellant that the ballots were not so kept after the election as to make it certain that their integrity was so preserved as to entitle them to prevail over the returns made by the judges of the election. Many cases are cited by appellant where this court held that the ballots were not so preserved, and many cases are cited by appellee where the court held the ballots admissible in evidence. No hard and fast rule of law can be laid down by which it can be determined in any given case, as a matter of law, that the ballots are or are not admissible in evidence, but the question whether the ballots have been properly preserved is in every case one of fact, to be determined by the evidence. (*Kelly* v. *Brown,* 310 Ill. 319.) In the instant case the evidence shows that upon the night of the election, after the ballots had been counted, they were strung upon wires, knotted into circular packages and each package encircled with a wire, the ends of the wire covered with sealing wax, the wire being embedded in the wax and the wax also adhering to the outer ballots in the rolls, and the ballots then placed in a large envelope and the envelope sealed with sealing wax. When the envelope was produced in court the seal thereon was broken and the flap of the envelope open. The town clerk testified that he received the package from the judges of election on the night of election and that the seal was then intact; that he took the package to his home and placed it in his desk, where it remained for a few days. He then took it from the desk and threw it into a trunk in his home, and that as he threw it

into the trunk the seal was broken and the flap of the envelope came open; that no person other than his family, which consisted of his wife and five children, the eldest of whom was nine years old, could have had access to the trunk, although he and his family were absent from home, leaving the house unlocked, for short periods. He testified that the rolls of ballots were in exactly the same condition when produced in court as they were when he received them from the judges of the election. In this he is corroborated by one of the judges of the election. The court before whom the cause was tried, when ruling upon the admission of the ballots as evidence, stated that he was satisfied, from an examination of the way they were sealed, that they had not been tampered with, and admitted them in evidence. The evidence warranted the court in finding that the integrity of the ballots had been so preserved as to entitle them to be received in evidence.

It is contended by appellant that the democratic party, having made no nomination, had no right to have its party appellation, with a large circle to the left of it, printed on the official ballot of the township election. It is not necessary to decide this question, as, even if appellant's contention is correct, the official ballot furnished to the voters by the election officials was so printed, and this would be a mere irregularity on the part of such officials. It is a general rule that the votes of innocent electors are not to be rendered invalid by mere irregularities on the part of election officials which do not affect or change the result of the election, unless the statute expressly declares such irregularities fatal. (*Rexroth* v. *Schein,* 206 Ill. 80.) The object of the official ballot is not to furnish voters with information as to the persons who are candidates of their respective parties or of any party, but to enable them to indicate, in the prescribed form, the candidates of their individual choice. *People* v. *Czarnecki,* 256 Ill. 320.

It is contended by appellant that the ballots that were voted for appellee by writing his name under the heading "For Supervisor," in the democratic column, and then making a cross in the large circle before the word "Democratic" but making no cross in the little square to the left of the name so written in, are illegal ballots and should be rejected. This precise question has never been decided by this court. In *Pierce* v. *People,* 197 Ill. 432, it was held that if one of the tickets upon the official ballot has a blank space thereon, a voter may write the name of his candidate in such space and mark a cross in the circle at the head of the ticket, in which case the ballot should be counted for all candidates on such ticket, the one whose name is written in as well as those whose names are printed. This ruling was followed in *Isenburg* v. *Martin,* 293 Ill. 408, *Neal* v. *Odle,* 308 id. 469, and other cases. It has always been the rule in this State that if the intention of the voter can be fairly ascertained from his ballot and is not in conflict with some mandatory provision of the Ballot law the voter will not be disfranchised or deprived of his right to vote through mere inadvertence, mistake or ignorance, if an honest intention can be ascertained from his ballot. (*Parker* v. *Orr,* 158 Ill. 609; *Schuler* v. *Hogan,* 168 id. 369.) In the instant case the voters who cast the fourteen ballots in question used ballots furnished by the proper authorities, and from an inspection of the disputed ballots no doubt can exist as to the intention of the voters.

We are of the opinion that the county court properly counted the fourteen ballots in question for appellee, and the judgment of the county court is affirmed.

*Judgment affirmed.*