THE PEOPLE *ex rel.* Dan Lee, County Collector, Appellee, *vs.* THE KANKAKEE AND SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*when county tax levy is not in compliance with statute.* A levy of a county tax for "building and incidental expenses" is not in compliance with section 121 of the Revenue act, requiring the county board, when levying a tax for several purposes, to state separately the amount for each purpose.

2. SAME—*when road tax certificate does not show existence of any contingency.* A certificate by highway commissioners that an additional road and bridge tax "is needed in said town in view of the contingency that there is one thousand one hundred and fifty dollars ($1150) due on outstanding orders, and that it will take all of the levy of sixty cents on each $100 valuation to pay for the repairs and road work necessary for the ensuing year," does not show the existence of such a contingency as authorizes the additional tax.

3. SAME—*what contingency will authorize additional road tax.* The contingency which will authorize an additional road and bridge tax must be something extraordinary, such as freshets which have destroyed bridges and caused wash-outs, and the necessity of paying outstanding orders which have been issued for ordinary and current expenses is not such a contingency.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

This is an appeal by the Kankakee and Southwestern Railroad Company from the judgment of the county court of Kankakee county against the lands of appellant for delinquent taxes for the year 1906.

The defendant filed two objections to the application for judgment. The first was to the additional road and bridge tax of the town of Otto, amounting to $46.99, with penalty and costs added thereto, on the ground that an additional levy of twenty cents on each $100 had been made with the consent of the board of town auditors and the assessor without a contingency having been certified to said board by the

highway commissioners which would warrant the levying of the additional tax. The second objection was to a part of the county tax, amounting to $179.70, with penalty and costs added thereto. The ground for that objection was, that the purpose for which said tax was levied was not sufficiently designated by the county board. Upon a hearing the court overruled the objections and judgment of sale was rendered. It is contended by appellant that the court erred in overruling each of its objections and in rendering judgment against its property.

W. R. HUNTER, (JOHN G. DRENNAN, of counsel,) for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Section 121 of chapter 120, Hurd's Revised Statutes of 1905, provides that when, as here, the county board levies a tax for several purposes, the amount for each purpose shall be stated separately. The county tax objected to was levied for "building and incidental expenses." If this portion of the levy was for the building purposes only, which would include expenses incidental to building, "incidental expenses" need not have been included in this item. If the incidental expenses were not expenses incident to building they should have been stated in a separate item in such manner as that the tax-payer would know what expenditures that particular item was designed to cover. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523.) There is nothing in the levy to prevent this tax, if collected, being used for expenses not incidental to building purposes. We think the levy was not in compliance with the statute.

The highway commissioners certified that the additional road and bridge tax to which objection is made "is needed

in said town in view of the contingency that there is one thousand one hundred and fifty dollars ($1150) due on outstanding orders, and that it will take all of the levy of sixty cents on each $100 valuation to pay for the repairs and road work necessary for the ensuing year." We have heretofore decided that the commissioners, when they proceed to levy an additional tax under section 14 of chapter 121, Hurd's Revised Statutes of 1905, "must not only certify that the additional levy is needed to meet some contingency, but must state what that contingency is." (*St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 Ill. 155.) In *Toledo, St. Louis and Western Railroad Co.* v. *People,* 226 Ill. 557, we held that the contingency which would authorize the additional levy must be something extraordinary, "such as freshets which may have destroyed bridges or caused wash-outs, or other contingencies that do not occur regularly in the ordinary course of events." For aught that appears, the outstanding orders, to meet which this additional levy was made, may have issued for the purpose of paying the ordinary current expenses of the town. The certificate is not sufficient in that it fails to show the existence of any contingency that would warrant the making of an additional levy, under the construction placed upon the statute in the case just referred to in 226 Ill.

Appellee, by its brief and argument, makes certain objections to the practice pursued in the county court. These cannot be considered, as no cross-errors have been assigned.

The judgment of the county court will be reversed and the cause will be remanded to that court, with directions to enter an order sustaining the objections and refusing judgment for the sale of the property of appellant.

*Reversed and remanded, with directions.*