THE PEOPLE *ex rel.* John W. Rea, County Treasurer, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY *et al.* Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. TAXES—*what items of county tax are too general.* Items of a county tax levy for "election and jurors account," "public buildings account," "jail and prisoners account" and "county jail fund account" are not sufficiently specific to comply with the requirement of section 121 of the Revenue act.

2. SAME—*each item of county tax levy must be definite.* Each item of a county tax levy should state the purpose with such particularity that the tax-payer may know what expenditure that item was intended to cover, so that he may prevent the collection of a tax for an illegal purpose, or compel the tax, when collected, to be applied to the purpose for which it was levied.

3. SAME—*when judgment sustaining school tax levy will be upheld on appeal.* A judgment of the county court upholding a levy for district school tax will not be reversed on appeal, where the objection is that the rate is excessive but there is no evidence shown by the abstract of record except the equalized value of the district, there being no certificate of levy shown nor anything to indicate the amount levied or the rate extended.

4. SAME—*general appearance waives objection to notice.* One who appears and files objections going to the merits of the collector's application for judgment and order of sale for taxes waives an objection that the certificate of publication was defective.

5. SAME—*a judgment for taxes cannot be reversed for reasons not urged in county court.* A judgment in favor of the collector, on application for judgment and order of sale for taxes, cannot be reversed for reasons not urged in the county court.

6. SAME—*clerk of the county court may identify the county board's resolution.* While the offices of clerk of the county court and county clerk are distinct offices yet there is but one incum-

bent, and that individual is a competent witness to identify any record in his custody, either as clerk of the county court or as county clerk, and a resolution of the county board levying a tax is properly identified by him, although he testifies that he is the clerk of the county court.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HAMLIN, GIL-LESPIE & FITZGERALD, and D. R. KINDER, of counsel,) for appellants.

W. H. STEAD, Attorney General, and H. C. STUTTLE, State's Attorney, (L. V. HILL, and J. T. BULLINGTON, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment against the property of appellants for unpaid taxes.

The levy for county purposes amounted to $57,500, divided into items, four of which are as follows: Election and jurors account, $3000; public buildings account, $3500; jail and prisoners account, $3000; county jail fund account, $12,500. These items were objected to because they do not state separately the amount levied for each purpose, as required by section 121 of chapter 120 of the Revised Statutes. The object of this requirement is to furnish the tax-payer information as to the purpose for which the tax is levied, so as to enable him to prevent the collection of a tax for an illegal purpose, and to require its application, when collected, to the purpose for which it is levied. The item for "election and jurors account" is for two entirely separate purposes and does not comply with the requirement of the statute. The same is true of "jail and prisoners account." "Public buildings account" and "county jail fund account" do not indicate the purpose for

which the respective sums are levied with sufficient particularity. It is wholly uncertain whether such sums are to be used in the erection or repair of buildings, and if so, what buildings, or in other expenses connected with them. It is wholly uncertain whether the jail fund is for the erection or repair of a jail, the expense of its maintenance or the payment of a debt. These last three items overlap, each covering part of the purposes mentioned in the other two. Each item should state the purpose with such particularity that the tax-payer may know what expenditure that item was intended to cover. (*People* v. *Kankakee and Southwestern Railroad Co.* 231 Ill. 109; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* id. 209; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312; *People* v. *Illinois Central Railroad Co.* id. 324.) The objections to these items should have been sustained.

The appellants offered in evidence the resolution of the county board levying the tax, and it is contended that it was not properly received because the witness who identified it was not shown to be the county clerk. The witness testified only that he was clerk of the county court and that the resolution was his only authority for levying the tax. The clerk of the county court can be no other than the county clerk. While there are two offices there is but one incumbent, and that individual is a competent witness to identify any record in his custody, either as county clerk or clerk of the county court.

. It is also contended for appellee that the record does not show that any evidence was offered by the appellants. This contention is based on the fact that the bill of exceptions shows an adjournment during the hearing, and that upon the re-convening of the court evidence was heard in another case. There was no occasion to recite the fact that the hearing was interrupted by the taking of evidence in another case. It is manifest that the evidence which follows this recital was the evidence in the case in which

the bill of exceptions was taken. The bill of exceptions purports to be taken in this case, and at the conclusion of the evidence states that the foregoing was all the evidence offered on the trial of this cause. There is no merit in this contention.

The claim that no exception was taken to the rulings or judgment of the court is not sustained by the record.

Objection is also made to a district school tax on the ground that the rate is excessive. The only evidence which the abstract shows to have been introduced in support of this objection is the record showing the equalized valuation of the district to be $118,334. The certificate of levy is not shown and there is nothing to indicate the amount levied or the rate extended. Appellants' brief states that the evidence shows that $3000 was levied for school purposes and $1800 for building purposes, but it does not appear in the abstract. This objection was properly overruled.

It is argued in appellants' brief that the county collector's application for judgment states that it is filed with the county clerk instead of the clerk of the county court, and that the certificate of publication is defective. The application is entitled in the county court, and the record does not show the file-mark or indicate that the application was not filed with the clerk of the county court. The appellants did not limit their appearance but filed objections going to the merits, and thus waived any objection to the notice. A sufficient answer to both these contentions is, that they were not mentioned in the objections filed in the county court. The judgment could not be reversed for reasons not urged in the court below.

The judgment will be affirmed as to the school tax, and as to the county tax it will be reversed and the cause remanded, with directions to sustain the objections.

*Reversed in part and remanded, with directions.*