THE PEOPLE *ex rel.* Arthur M. Tarman, County Collector, Appellee, *vs.* THE CINCINNATI, INDIANAPOLIS AND WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1914.*

1. TAXES—*sufficiency of proof of publication is not material if property owner appears generally.* The sufficiency of the proof of publication of the notice of an application for judgment and order of sale for delinquent taxes is not material if the property owner appears and files objections going to the merits of the tax and contests its validity.

2. SAME—*limitation on hard roads tax cannot be avoided in any manner.* The statute limits the rate of tax for hard roads to one dollar on each $100 assessed valuation of all taxable property in the town, and this limitation cannot be avoided in any manner.

3. SAME—*when town clerk is not authorized to receive second petition for hard roads tax.* Where a proper petition for an election upon the proposition to levy a tax of ninety cents on the $100 assessed valuation for the purpose of building hard roads described in the petition is filed with the town clerk, he has no authority to receive a second petition for an election on the proposition to levy

the same rate for constructing other roads described in the second petition, as the total tax would thus exceed the statutory limitation.

4. SAME—*the petition in the clerk's office is the source of information as to the roads to be improved.* The statute requires the petition for a hard roads tax election to describe the road to be improved but there is no statutory provision for placing the contents of the petition on the ballot, and the petition in the clerk's office is therefore the source of information concerning the road or roads to be improved.

5. SAME—*when a hard roads tax election is invalid.* Where more votes are cast at a hard roads tax election for the expenditure of the money upon the roads described in a second petition (which the town clerk had no authority to receive) than are cast for the expenditure of the money on the roads described in the first petition, which was legal, the election is invalid even though the proposition to levy the tax is carried, as the second petition and the vote thereon cannot be rejected as surplusage, under such circumstances, without defeating the will of the majority of voters.

6. SAME—*certificate of levy should correspond with the proposition voted upon.* Where the proposition voted upon is for a tax for the construction of gravel or rock roads, thus leaving the choice of materials to be determined by the highway commissioners, it is improper to certify the levy as for rock roads, only, thereby depriving the highway commissioners of their discretion.

7. SAME—*judgment against railroad property for a hard roads tax should be limited to property in the town.* A judgment against railroad property for a delinquent hard roads tax should not be against the property of the railroad within the county but should be limited to the railroad property within the town which levied the tax, as no other property would be subject to such tax.

8. SAME—*payment of a hard roads tax one year does not preclude objection to validity of tax the second year.* A hard road tax, though authorized by the voters to be levied for a period of five years, is a separate tax each year, and the mere fact that a property owner pays the tax the first year does not preclude him from objecting the second year to the validity of the tax.

APPEAL from the County Court of Clark county; the Hon. H. R. SNAVELY, Judge, presiding.

S. M. SCHOLFIELD, and FRED J. BARTLETT, (B. M. DAVISON, of counsel,) for appellant.

E. D. JONES, State's Attorney, and EVERETT CONNELLY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Clark county overruled objections of the appellant, the Cincinnati, Indianapolis and Western Railway Company, to the application for judgment against its property for a hard road tax of $308.24 in the town of Casey. The court entered judgment with order of sale, and the appellant prosecuted this appeal.

The first complaint of appellant is that the proof of publication of notice that application for judgment would be made was insufficient. The law provides for giving notice by publication for the purpose of giving to the court jurisdiction of the person of the owner against whose property judgment is to be asked, and where the owner appears and submits to the jurisdiction it is immaterial whether a notice was published or what it was. The appellant appeared in the county court and filed objections going to the merits and contested the validity of the tax, so that all defects, if there were any, in the notice or proof of publication were waived. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 Ill. 217; *People* v. *Dragstran,* 100 id. 286; *People* v. *Scheifley,* 252 id. 486.

The town clerk received a petition praying for an election to vote on the question of levying a special tax of ninety cents on each $100 assessed valuation of all taxable property in the township for the period of five years, for the purpose of constructing and maintaining gravel or rock roads on three different roads particularly described in the petition. Afterward another petition was delivered to the town clerk asking that an election be held to vote on the question of levying a special tax, at the same rate of ninety cents on each $100 assessed valuation of taxable property,

for the purpose of constructing and maintaining gravel or rock roads on two other roads described in that petition. The town clerk gave notice that a vote would be taken at the annual town election on April 4, 1911, on the proposition to levy a tax, and included in the notice both these petitions. At the election the ballot contained the names of candidates for town offices and a proposition whether the town would continue to be anti-saloon territory, after which the following appeared:

| | |
|---|---|
| For levying a tax at the rate of ninety (90) cents on each one hundred dollars of the assessed valuation of all the taxable property including railroads in said township for the period of five years for the purpose of constructing and maintaining gravel or rock roads. | |
| Against levying a tax at the rate of ninety (90) cents on each one hundred dollars of the assessed valuation of all the taxable property including railroads in said township for the period of five years for the purpose of constructing and maintaining rock roads. | |

☐ Petition No. 1. (A description of the three roads contained in that petition, which is omitted here.)

☐ Petition No. 2. (A description of the roads contained in the second petition, which is also omitted here.)

A majority of the ballots contained crosses in the square opposite the proposition for levying the tax, and there were more crosses in the square opposite "Petition No. 2" than in the square opposite "Petition No. 1." The town clerk certified to the county clerk a special tax of ninety cents on each $100 assessed valuation of property, including both petitions, and instead of certifying the levy for gravel or rock roads, according to the petitions, the levy was for rock roads alone.

The statute authorizes the levy of a tax not exceeding one dollar on each one hundred dollars assessed valuation

of all taxable property in a town, and the total tax can not exceed that rate. (*People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 446; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 252 id. 329.) The limitation cannot be avoided in any manner, and the town clerk having received a petition for a levy of ninety cents could not afterward lawfully receive another petition for a levy of ninety cents, which would exceed the statutory limit. Counsel are agreed that the second petition was unauthorized and the town clerk ought not to have received it, but they disagree as to the effect of its being received and placed on the notice and ballot. The statute requires the petition to contain a description of the road to be improved, but there is no provision of law for placing the contents of a petition on a ballot. The petition in the clerk's office is the source of information concerning the road or roads to be improved, (*Chicago and Iowa Railroad Co.* v. *Pinckney,* 74 Ill. 277,) and the statute gives the form of the ballot, without any description of a road or the contents of the petition. On this ground it is argued that the second petition as it appeared on the ballot is to be rejected as mere surplusage, and that, the second petition being illegal, the election was carried for the improvement of the roads named in the first petition. It could only be so rejected if it had no influence on the election and the result clearly showed that it was disregarded by the voters. Manifestly that is not so, because the greater number of those who voted for the tax specified that they were voting in favor of the proposition contained in the second and illegal petition. A majority of those who were in favor of levying a special tax voted to expend it on the roads described in the second petition, and as no money can be expended on those roads the will of the majority of the voters would be defeated by rejecting that part of the ballot as surplusage. It cannot be said that a majority of

voters would have voted for the tax to be expended upon
the roads described in petition No. 1, but it is likely that
many voters, if they had been aware that the tax was to
be expended upon those roads, would not have voted for
it. At any rate they did not vote to expend the money
there, and the election was invalid.

The proposition was for a tax for the construction of
gravel or rock roads, leaving the choice of materials to
be determined by the highway commissioners. (*People* v.
*Kankakee and Seneca Railroad Co.* 248 Ill. 114.) The
levy was certified for rock roads, depriving the commis-
sioners of any discretion, which was contrary to the intent
of the law.

The court rendered judgment against the property of
the appellant in Clark county and did not limit the judg-
ment to its property within the town of Casey. The only
property subject to the tax was that located in the town,
and it is not a satisfactory answer to the objection to say
that the payment of a tax on property not subject to it
will relieve property that is subject to the tax.

The appellant paid the tax levied for one year by vir-
tue of the election, and it is contended that it thereby ac-
quiesced, in some way, in the validity of the tax and could
not afterward object to it. The tax for each year is a
separate tax, and there is no element of estoppel in the
payment of a tax for one year which would preclude ap-
pellant from objecting to a similar tax the following year.

The judgment is reversed and the cause is remanded,
with directions to sustain the objection that the election
did not authorize the tax.

*Reversed and remanded, with directions.*