THE PEOPLE *ex rel.* Edwin G. Stifle, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*a county board may levy a tax for State aid roads.* A county board may levy a tax for State aid roads under its general power to levy taxes for county purposes and is not limited to the methods specified in section 22 of the Roads and Bridges act of 1913. (*People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497, followed.)

2. SAME—*notice and ballot for hard roads election must agree but need not follow language of statute.* The notice and ballot for an election to vote upon the proposition to build hard roads must agree as to the kind of road to be built, but it is not necessary that they follow the language of the statute and contain all the words, "gravel, rock, macadam or other hard roads."

3. SAME—*what does not affect validity of tax for hard roads.* An objection that the tax for hard roads is levied at the rate of one per cent on the $100 instead of one dollar upon the $100 is without force and does not affect the validity of the tax.

4. SAME—*repeal of Hard Roads law does not affect power to levy hard roads tax.* The repeal of the Hard Roads law by the new Roads and Bridges law in force July 1, 1913, does not affect the power to levy a hard roads tax, as the provisions of the Hard Roads law, except in respect to certifying the tax, are re-enacted in the act of 1913 and must be regarded as having been continuously in force.

5. SAME—*amount voluntarily paid to satisfy tax cannot be set off against taxes subsequently accruing.* The amount voluntarily paid to satisfy a road district tax cannot be set off against road and bridge taxes subsequently levied under the new Roads and Bridges law of 1913.

6. STATUTES—*rule where repealed statute is substantially re-enacted in repealing act.* Where the act repealing a statute substantially re-enacts the provisions of the repealed law, only such provisions of the old law as are omitted from the new law are regarded as repealed and all provisions retained are regarded as having been continuously in force.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

. P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLE-
TON, of counsel,) for appellant.

JOSEPH B. CROWLEY, State's Attorney, (PARKER &
EAGLETON, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal·from the county court of Crawford
county from a judgment rendered in that court against the
property of the Cleveland, Cincinnati, Chicago and St. Louis
Railway Company for certain taxes assessed against its
property for the year 1913. Appellant filed numerous ob-
jections to certain taxes for which judgment was sought,
all of which were overruled and a judgment and order of
sale entered against its property. Appellant deposited the
amount of taxes claimed to be due and perfected an appeal
to this court.

The first objection relates to that portion of the county
tax levied for State aid roads. One of the objections to
this tax is that the county board had no power to make the
levy, and that the only methods provided by the statute for
raising the county's share of the cost of building State aid
roads was to use funds not otherwise appropriated that
were on hand or to submit a proposition to issue bonds to a
vote of the people of the county. This question has had
the consideration of this court at the present term in the
case of *People v. Kankakee and Seneca Railroad Co.* 265
Ill. 497, and the conclusion there reached is that the build-
ing of State aid roads was a county purpose, and that the
power existed in the board to levy a tax therefor, within the
seventy-five cent limit, without a vote of the people authoriz-
ing the same. It is not necessary to re-state the reasons
upon which our conclusion on this question is based.

Appellant further contends that even if the power to levy
taxes to pay for building State aid roads exists, certain pre-
liminary steps must be taken before such levy can be made.

The record in this case shows that the county board met in special session on August 16, 1913, and selected a county superintendent of highways and appointed a committee to designate State aid roads in pursuance of section 10 of article 4 of the Road and Bridge act of 1913, and that the board then adjourned to re-convene on the 26th day of August; that on the 26th of August the board again met and adopted a resolution designating certain roads as State aid roads. On September 9 the board met again in regular session and passed the annual appropriation, including therein $18,500 for State aid roads. The board then adjourned over to September 29. On the 29th the board again convened and adopted a resolution accepting the allotment given by the State highway commission. All of the preliminary steps required by the statute were taken by the board of supervisors, and there is no force in this objection.

We do not want to be understood as holding that the power to levy, within the seventy-five cent limit, for State aid roads is dependent upon any preliminary steps. We see no reason why a levy might not be made to accumulate a fund to be afterwards appropriated in paying the county's part of State aid roads, but in the case at bar the levy was made to pay the county's half of the cost of building certain specified roads which had been previously accepted by the State highway commission.

Appellant next objects to the hard road tax levied in the town of Hutsonville, and urges four reasons for reversing the judgment of the county court in overruling the objections to this tax. The first reason relates to the petition that was filed for a vote upon the question of building hard roads. The second reason questions the form of the ballot used at the election. The third is that the levy was made for one per cent on the $100 instead of one dollar on the $100; and the fourth reason is that by the revision of the Road and Bridge law of 1913 the Hard Roads law, under which this tax was levied, was repealed.

As we understand appellant's objection both to the petition, notice and ballot, it is that only gravel roads were petitioned for and voted upon, and it is insisted that the petition, notice and ballot should have followed the statute and have contained the words "gravel, rock, macadam or other hard roads." Under the holdings of this court the petition might have followed the statute and left the particular character of hard road to be determined afterwards, but a petition for a particular kind of authorized hard road is not invalid. Where the petition is for a vote upon a particular kind of hard road the vote must be had upon that proposition and cannot be extended to other kinds of road. The notice and ballot should follow and agree with the petition. This question was decided by this court in *People* v. *Kankakee and Seneca Railroad Co.* 248 Ill. 114, and this has been the construction adhered to in the later case of *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 Ill. 582. In the case at bar the petition, notice and ballot all call for a gravel road, and there is here no variance between the road called for in the petition and voted for by the People.

The third reason urged against the validity of the hard road tax is, that the levy was one per cent on the $100 instead of one dollar upon the $100. The vote was for levying one dollar on each $100 assessed valuation and the levy was one per cent, which is an expression equivalent to the one used in the ballot. This objection is without force and does not affect the tax-payer in the least. *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276; *People* v. *Chicago and Alton Railroad Co.* 248 id. 87.

The fourth and last reason urged against the validity of the hard road tax is, that the Hard Roads law, under which the levy was made, was repealed by the revision of the Road and Bridge law of 1913. It is true that the law of 1913 repeals the Hard Roads law and without a special saving clause, but the Hard Roads law as it existed prior to the

enactment of 1913 is re-enacted in the general revision of the Road and Bridge law of 1913. The so-called Hard Roads law was re-written in the revision of 1913 and a number of minor changes were made, but those changes only affect the procedure in some minor respects. Under the old law the commissioners certified the amount to be levied to the town clerk and he in turn certified the same to the county clerk. Under the revision of 1913 the commissioners certify the levy direct to the county clerk and it does not pass through the hands of the town clerk. Under both laws the rate to be levied is the same, the object is the same, and it is in each instance levied by the same officer and extended and collected by the same officer. There is a slight change as to the form of the ballot. Under the revision of 1913 the ballot is made to conform to the Australian Ballot law. Under sections 2 and 4 of chapter 131 all rights accruing under the previous statute are saved, and we are required to construe the new enactment as a continuation of all the provisions of the prior act and not as a new enactment. In *Merlo* v. *Johnston City and Big Muddy Coal Co.* 258 Ill. 328, we held that where the law on a particular subject is revised and re-written, only the provisions of the old law which are omitted from the revised act are repealed and all provisions of the old law retained in the act are regarded as having been continuously in force, and this is the general rule of construction. (1 Sutherland on Stat. Const.—2d ed.—sec. 273.) The revision of 1913 of the Road and Bridge law does not affect the hard road taxes in question.

Complaint is made that the court refused to allow appellant to offset payments of district labor and property road taxes paid by it against the road and bridge tax extended against it. These taxes were levied under the old law and paid after the law was repealed. So far as appears from the record they were paid without any protest, and we are not aware of any rule of law that will permit appellant to

recover these payments, either in an action for that purpose or as a set-off against other taxes that have subsequently accrued.

Some complaint is made as to the form of the judgment. We do not regard the objection to the form of the judg-ment as of any force.

The judgment of the county court of Crawford county is affirmed.

*Judgment affirmed.*