(No. 12392.—Judgment affirmed.)

THE PEOPLE *ex rel.* Archie N. Vance, County Collector, Appellant, *vs.* JAMES BUSHU *et al.* Appellees.

*Opinion filed June 18, 1919.*

1. ELECTIONS—*requirements of Ballot law are applicable to ballots for voting on hard roads proposition.* Under the revision of the Road and Bridge law in 1913 the ballot to be used at an election for voting on the proposition for or against a tax for the construction of hard roads must conform to the requirements of the Australian Ballot law.

2. SAME—*provision of section 14 of Ballot law requiring signature of clerk is mandatory.* The provision of section 14 of the Ballot law of 1891 requiring each ballot to contain a *fac simile* of the signature of the clerk or town officer preparing the ballots is to prevent the fraudulent casting of spurious or illegal ballots and is essential to the validity of the ballots.

3. SAME—*when mistakes of officers in charge of an election are fatal.* While it is a rule that mistakes or omissions of the officers in charge of the machinery of an election should not defeat the plainly expressed will of the people at such election, yet such rule will not apply where said officers have failed to perform those duties of precaution which safeguard the votes of the people.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

WILBER H. HICKMAN, State's Attorney, for appellant.

JAMES K. LAUHER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Edgar county sustaining objections filed by appellees to a certain tax levied by the highway commissioners of the town of Buck, in said county, for the purpose of constructing, maintaining and repairing gravel, rock, macadam or other hard roads, pursuant to a vote of the legal voters of said town at a special election held February 13, 1917.

Numerous objections were presented in the county court, all of which were sustained. One of the objections to the sustaining of which error is assigned is, that said tax levy is void and of no effect for the reason that there was no legal election on the matter of authorizing the issuance of the bonds and the levy of a tax therefor.

It appears that on the 20th day of January, 1917, a petition signed by the requisite number of land owners and legal voters in the town of Buck, county of Edgar, was filed with the town clerk thereof, asking that a special election be called for the purpose of voting upon the proposition for or against an annual tax of one dollar on each $100 assessed valuation on the taxable property in said town, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. Said election was called and was held on the 13th day of February, 1917. The election was held under the Road and Bridge law as revised in 1913. At the special election the votes showed a majority in favor of said proposition.

Among the objections urged to the tax levy or authority of said special election, it is contended that the ballots used

by the voters at said special election were wholly illegal;
that they failed to conform to the requirements of the stat-
ute, in that said ballots did not have on the back or outside
of the same the *fac simile* of the signature of the town
clerk. Under the revision of the Road and Bridge law
enacted in 1913 the ballot to be used at such election is
made to conform to the Australian Ballot law, and the re-
quirements of that Ballot law are applicable to ballots used
in elections under the Road and Bridge law. (*People* v.
*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
266 Ill. 98.) Section 14 of the Ballot law approved June
22, 1891, concerning the requisites of ballots to be used,
provides in part as follows: "On the back or outside of
the ballot, so as to appear when folded, shall be printed the
words 'Official ballot,' followed by the designation of the
polling place for which the ballot is prepared, the date of
the election and a *fac simile* of the signature of the clerk
or town officer who has caused the ballot to be printed."
Section 26 of the Ballot law, concerning the ballots to be
used at elections, provides in part as follows: "No ballot
without the official indorsement shall be allowed to be de-
posited in the ballot-box, and none but ballots provided in
accordance with the provisions of this act shall be counted."

It is admitted that the ballots used at the election in
question did not contain the *fac simile* of the signature of
the town clerk on the back thereof. This provision of sec-
tion 14 is mandatory. Such *fac simile* of the signature of
the town clerk or officer preparing the ballots is essential
to the validity of the ballots. (*People* v. *Snedeker*, 282 Ill.
425.) Section 26 of the Ballot law provides that if ballots
do not conform to the requirements of that law they shall
not be received or counted. As was said in *Parker* v. *Orr*,
158 Ill. 609: "It was evidently the intention of the legis-
lature to declare what should absolutely destroy a ballot
or prevent its being counted, by section 26, *supra:* 'If the
voter marks more names than there are persons to be elected

to an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office. No ballot without the official indorsement shall be allowed to be deposited in the ballot-box, and none but ballots provided in accordance with the provisions of this act shall be counted.' "

While it has been held by this court concerning many of the mandatory provisions of the statute relating to elections that a substantial compliance therewith is sufficient, yet in this case there has been no attempt to comply therewith, and the rule regarding substantial compliance has no application. While it has frequently been held that mistakes or omissions of the officers in charge of the machinery of an election should not defeat the plainly expressed will of the people at such election, yet such has not been held to be the rule where such officers have failed to perform those duties of precaution which safeguard the votes of the people. It is far better that the people of a town shall lose their vote in a single instance than that there shall be written into the law rules which permit election officers to disregard the plain mandates of those provisions of the law intended to protect and safeguard the ballot. A provision requiring the *fac simile* of the signature of the town clerk or other officer who prepares the ballots is to prevent the fraudulent casting of spurious or illegal ballots. That provision is mandatory, and ballots which do not contain such *fac simile* are illegal ballots.

It follows that at the election in question there were no legal ballots cast. Such election was therefore illegal and the tax levy in question herein was unauthorized and void. This being true, the consideration of other assignments of error becomes unnecessary, as the judgment of the county court must for this reason be affirmed.

*Judgment affirmed.*