(No. 13774.—Decree affirmed.)

W. K. WOOD et al. Appellants, vs. ROAD DISTRICT No. 6
et al. Appellees.

*Opinion filed February 15, 1921.*

1. TAXES—*statute does not require clerk to verify truth of petition for hard roads election.* If a petition purporting on its face to comply with the statute is filed for an election on the question of ·levying an annual tax for the construction of hard roads it is the duty of the road district clerk to call the election, and it is not necessary that the clerk verify the truth of the facts stated in the petition nor that the petition itself be verified by affidavit.

2. SAME—*when ballot for hard roads tax election need not comply with section 14 of Ballot law.* In counties not under township organization it is not necessary that the ballot in a road district election on the question of levying an annual tax for the construction of hard roads shall conform to the provisions of section 14 of the Ballot law but such ballot may be in the form prescribed by the statute under which the election is held.

APPEAL from the Circuit Court of Wabash county; the Hon. CHARLES H. MILLER, Judge, presiding.

E. B. GREEN, and THEODORE G. RISLEY, for appellants.

P. J. KOLB, and M. J. WHITE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

W. K. Wood and others filed a bill in the circuit court of Wabash county, which county is not under township organization, to enjoin the collection of a hard road tax in road district No. 6, in said county. A special election had been held in said road district in August, 1919, to vote on the question of levying an annual tax for five years for the construction of hard roads. A majority of the votes cast was for levying the tax. The circuit court sustained a demurrer to the bill and dismissed it for want of equity, and the complainants appealed.

Two points relied upon and argued in the briefs are, (1) that there were not attached to or in any way accom-

panying the petition for election filed with the road district clerk, affidavits or other proof that the petition was signed by twenty-five per cent of the land owners in the road district who were legal voters in the same or that the signatures were genuine; (2) the ballots voted at the election did not conform to the requirements of the Ballot law of 1891, in that there were not printed on the back or outside of the ballots the words "Official ballot" and a *fac simile* of the signature of the road district clerk, as required by section 14 of the Ballot law.

The statute does not provide for the filing, with the petition, of proof, by affidavits or otherwise, of the truth of the facts stated therein. The petition on its face purported to be in compliance with all the statutory requirements. This is all that is required by the statute to authorize the road district clerk to act and authorized him to call the election. No provision is made authorizing the clerk to verify the truth of the petition. If it is on its face regular and conforms to the statute it is the duty of the clerk to call the election. If the petition was not signed by the requisite number of land owners who were voters in the district it would not authorize calling an election, but the petition was *prima facie* good and sufficient to authorize the clerk to act on the averments in the petition. The bill here did not allege the petition was not signed by the required number of land owners and voters, but the allegation is that no proof was made to the clerk that it was so signed. If the bill had alleged the petition was not, in fact, signed by the requisite number it would have presented the question raising the legality of the election. The petition contained all the statements required by the statute and authorized the clerk to call the election. *People* v. *Kankakee and Seneca Railroad Co.* 248 Ill. 114; *Logue* v. *Batterton*, 247 id. 605.

Section 1 of the so-called Australian Ballot law provides that in all elections "for public officers, except for trustees

of schools, school directors, members of boards of education, officers of road districts in counties not under township organization, the voting shall be by ballots printed and distributed at public expense as hereinafter provided, and no other ballots shall be used." Section 14 prescribes what the ballot shall contain, and section 15 provides that county clerks in their respective counties shall print and furnish to the judges of election ballots for all general elections, the city, town or village clerks shall print and furnish them in city elections, and town clerks in counties under township organization shall furnish them in all town elections to which the act applies. It will be seen the election of road officers in road districts in counties not under township organization is not within the act and no provision is made for printing and furnishing ballots for elections in such road districts. A case similar in principle was decided in *People* v. *Cowden,* 160 Ill. 557. There it was contended an election to establish a township high school was illegal because the ballots voted did not conform to the Ballot law. It was insisted the proposition to establish a high school was a "public measure" and an election on that question was governed by the Ballot law. The court held that as that act made no provision for printing and distributing ballots for such an election, it was clear the legislature, by providing for printing and furnishing ballots for all elections to which the act applied, did not intend the act should apply to school elections. The election of officers in road districts in counties not under township organization is expressly exempted from the provisions of the Ballot law, and no provision is made for printing and distributing ballots for any road district election in counties not under township organization. It would seem to necessarily follow under the decision in *People* v. *Cowden, supra,* that it was not intended that such elections should be governed by the Ballot law. The decisions in *People* v. *Bushu,* 288 Ill. 277, and *People* v. *Cleveland, Cincinnati, Chicago and*

*St. Louis Railway Co.* 266 Ill. 98, involved elections in road districts in counties under township organization and are not in point here. The statute under which the election was held prescribed the form of the ballots to be used, but no provision is made in that act or any other for their printing and distribution, and the ballots were not required to conform to section 14 of the Ballot law.

The decree is affirmed.                    *Decree affirmed.*