(No. 21036.

FRANK C. SIBLEY, Appellee, *vs.* KELLEY P. STAIGER, Appellant.

*Opinion filed February 19, 1932.*

CONGER & ELLIOTT, for appellant.

Randolph & Pearce, for appellee.

Mr. Justice DeYoung delivered the opinion of the court:

Frank C. Sibley, a qualified elector, filed a petition in the circuit court of White county to contest the election of Kelley P. Staiger to the office of mayor of the city of Carmi. Staiger answered the petition and after a hearing the circuit court, by its decree, declared Jesse Grissom elected to the office. From that decree Staiger prosecutes this appeal.

On April 21, 1931, a general election was held for city officers in the city of Carmi, in White county. Kelley P. Staiger, the appellant, and Jesse Grissom were the candidates for the office of mayor. The city was divided into three election precincts or districts. The returns of the election were canvassed by the city council and that body, finding that Staiger had received 883 votes and Grissom 869 votes, declared the former elected. Staiger qualified and entered upon the performance of the duties of the office.

The evidence further shows that after the polls were closed, the ballots in each precinct were counted, strung on a wire, and placed in a cotton bag; that the bag was closed, tied with a string and sealed with wax, but no impression was made on the seal; that on the next morning a judge of election of the first precinct took the ballots and the election returns from that precinct to the office of the city clerk's father and laid them on a desk; that an hour elapsed before the city clerk arrived, but his father was present in the meantime; that on the same morning the ballots and returns from the second precinct were delivered to the city clerk personally by a judge of election of that precinct, and that the city clerk shortly thereafter called at the place of employment of a judge of election of the third precinct and there received the ballots and returns from that precinct.

It further appears from the evidence that at about nine o'clock in the morning of the day succeeding the election, the city clerk took the ballots and the returns to his home; that he first placed them in the basement, the doors and windows of which were closed but not locked; that on the following day he first placed the ballots and returns under his bed on the second floor but later locked them in a cedar chest; that his wife carried the key to the chest and the ballots and returns were kept in it until the sheriff took them to the clerk of the circuit court and that the latter placed them in the vault of his office.

The evidence shows that the ballots and returns were not disturbed while they remained in the office of the city clerk's father; that after they were placed in the chest it was not opened until its contents were delivered to the sheriff; that no person other than the clerk of the circuit court and his deputy had access to the vault in the former's office, and that the vault was kept locked unless one or the other went inside. Both the city clerk and the clerk of the circuit court testified that they surrendered the ballots and returns in the condition in which they had received them. There was no evidence that the city clerk's house had been entered by a stranger while the ballots and returns were in the possession of that officer.

Before the circuit court ordered a re-count of the ballots, the bags containing them were examined by the judges and clerks of the several election precincts. The officers of election of the first and second precincts testified that the condition of the bags from those precincts was the same as when they were sealed on the evening of election day. Owing to the omission of marks, two of the judges of election of the third precinct were unable to identify the bag containing the ballots from that precinct. The third judge and the two clerks, however, testified that the particular bag appeared to be in the condition it was when one of the judges sealed it. None of the judges or clerks

of election found that a seal on a bag containing ballots had been broken. The ballots were counted in the present proceeding and the circuit court found that Staiger received 839, and Grissom 855, votes.

The appellant contends that the circuit court erred in holding that the ballots were properly preserved and in allowing them to overcome the returns of the election. Section 27 of the act to provide for the printing and distribution of ballots at public expense, commonly called the Ballot law, (Cahill's Stat. 1931, p. 1312; Smith's Stat. 1931, p. 1361), reads in part: "In all cases of contested elections the parties contesting the same shall have the right to have said ballots opened and to have all errors of the judges in counting or refusing to count any ballot, corrected by the court or body trying such contest, but such ballots shall be opened only in open court or in open session of such body and in the presence of the officer having the custody thereof." The probative force of the ballots, however, depends upon the care with which they have been preserved. The contestant is the moving party and the burden rests upon him to show that the ballots are those voted at the election and that they are in the same condition as they were when cast by the electors. If the evidence discloses that their condition at the time of the trial is the same as it was when they were cast, they are the best evidence of the result of the election and the re-count of them will be conclusive. Carelessness in their preservation affording the opportunity to change them, on the contrary, destroys their evidentiary value. Unless their preservation is shown to have been such that there has been no reasonable opportunity for tampering with them, they cannot overcome the returns. *Haley* v. *Reidelberger,* 340 Ill. 154; *Clarke* v. *Bettenhausen,* 296 id. 373; *Strubinger* v. *Ownby,* 290 id. 380; *West* v. *Sloan,* 238 id. 330; *Jeter* v. *Headley,* 186 id. 34; *Bonney* v. *Finch,* 180 id. 133; *Eggers* v. *Fox,* 177 id. 185; *Beall* v. *Albert,* 159 id. 127; *Murphy* v. *Battle,* 155 id. 182.

The question whether the ballots have been properly preserved is in every case one of fact to be determined by the evidence. (*Patterson* v. *Johnston,* 328 Ill. 101; *Kelly* v. *Brown,* 310 id. 319; *Kreider* v. *McFerson,* 189 id. 605). While the bags containing the ballots in the present case were not kept in a locked receptacle continuously, yet no evidence was offered which tended to show that the ballots had been tampered with at any time since the voters cast them. The seals on the bags remained intact, and no fact or circumstance was adduced which led to the conclusion that the evidentiary value of the ballots had been impaired. The evidence, on the contrary, showed that the ballots when offered on the hearing were in the condition in which the officers of election received them. It follows that the circuit court properly admitted them in evidence.

The appellant offered to prove that forty-nine ballots, none of which was indorsed with the initials of a judge of election, were cast by absent electors, and that the initials were omitted through the ignorance of the election officers and without the fault of the voters. The testimony offered was excluded. The appellant argues that the facts which he sought to prove, if established, would have required the counting of these ballots and he complains that the circuit court erred in excluding such proof. Forty of these ballots were marked for the appellant and nine for Grissom and they were so counted by the judges of election. Section 22 of the Ballot act (Cahill's Stat. 1931, p. 1310; Smith's Stat. 1931, p. 1359), requires the indorsement of the initials of a judge of election upon the back of every ballot cast by an elector. The provision is mandatory, (*Allen* v. *Fuller,* 332 Ill. 304; *Blattner* v. *Dietz,* 311 id. 445; *Kelly* v. *Brown, supra; Neal* v. *Odle,* 308 Ill. 469); it applies to the ballots of absent voters (*McCreery* v. *Burnsmier,* 293 Ill. 43; *Allen* v. *Fuller, supra*), and a ballot which does not bear such initials cannot be counted for any candidate. (*Allen* v. *Fuller, supra; McCreery* v. *Burnsmier, supra*).

While it is a rule that mistakes or omissions of the officers in charge of an election will not defeat the plainly expressed will of the voters, yet the rule does not apply where the officers have failed to perform mandatory duties of a precautionary character which safeguard the votes of the electors. (*Allen* v. *Fuller, supra; People* v. *Bushu,* 288 Ill. 277). The circuit court properly excluded the proof offered by the appellant respecting the forty-nine ballots lacking the initials of a judge of election and it correctly decided that none of them should have been counted.

The decree of the circuit court is affirmed.

*Decree affirmed.*