(No. 24520

JOHN SARGENT, Appellant, *vs.* RUSSELL NEWELL, Appellee.

*Opinion filed April 20, 1938.*

HARRY I. HANNAH, and J. B. LANE, for appellant.

A. C. & BEN F. ANDERSON, and KIGER & DILSAVER, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

At a township election in Hutton township, Coles county, held April 6, 1937, John Sargent and Russell Newell were candidates for the office of supervisor. According to the returns of the canvassing board, Newell was elected by a majority of twenty-three votes. He was declared elected. Sargent contested the election. A re-count was ordered, the results of which showed a majority of three votes for Sargent. The circuit court, however, held contestant had failed to prove there had been no reasonable opportunity to tamper with the ballots, that the ballots had lost their probative force and declared Newell the elected candidate.

The discrepancy between the election returns and the recount of the ballots occurred in precinct number one. It is agreed that the ballots had been properly preserved from the time they were deposited in the county clerk's office on April 9, until they were opened at the trial. Ours, then, is the narrow question of whether the ballots of precinct number one were properly preserved from the time they were delivered to the town clerk, Henry Irby, on the night of April 6, until he deposited them in the county clerk's office on April 9.

It appears that on the evening of April 6 the ballots, when delivered to Irby, were in a canvas bag properly tied and sealed. Irby took them to his home in the country and placed them in a closet, which was not locked. The closet was near an outside door which was also never locked. Irby testified that he did not again see this bag until he took it to the county clerk's office April 9. He was away from home at work during the day. Mrs. Irby testified she was home most of the time, but that she and Mr. Irby went to Westville one night to do some shopping. Ezra Stewart, an uncle of Irby, lived with them and testified he too was home most of the time, but slept upstairs. Irby, Mrs. Irby and Stewart all testified that, to their knowledge, no one entered the house or molested the ballots, but admitted that someone could have.

The three election judges and two of the clerks testified that the seal on the bag at the time it was produced in court was not the same as the seal on it the night of the election. They agreed they had used a candle to melt the wax that night and had great difficulty getting it hot enough, so that they had to rub the wax stick on the string, with the result that they did a very rough job. According to their testimony, the seal at the time of the trial was very smooth, and looked as if the wax might have been melted in a hot spoon. There is no evidence to contradict this. Irby testified on direct examination that the bag was in the same condition

as to being tied and sealed when he delivered it to the county clerk as when he received it, but admitted on cross-examination that the seal was now smoother and that he was not certain whether it was the same. The canvas bag containing the ballots was certified to us for our inspection. It is strongly urged that the condition of the bag and seal shows that the seal has not been tampered with or replaced. Our careful inspection does not convince us that the positive testimony of five witnesses has been overcome.

The rule is well established that in order for the recount of the ballots to overcome the returns of the election officials the contestant must prove that the ballots are those voted at the election and that they are in the same condition as they were when cast. The integrity of the ballots must be securely protected. In an election contest, it must be proved that they were so preserved that there was no reasonable opportunity for tampering with them. Actual tampering with the ballots need not be shown to destroy their evidentiary value, but it is enough that the opportunity for unlawful interference was afforded. (*Bolton* v. *Whalen,* 350 Ill. 50, and cases therein cited.) Applying the rule to this case, we are of the opinion that the evidentiary value of the ballots was destroyed. In *Sibley* v. *Staiger,* 347 Ill. 288, and *Bullman* v. *Cooper,* 362 id. 469, we held the mere fact that the ballots were kept in an unlocked receptacle for several days, when the seals remained intact, did not impair the evidentiary value of the ballots. Here, however, the uncontradicted evidence is that the seal at the time of this trial was not the seal that was put on the bag on the night of the election. If, then, the seal was removed, there can be no doubt that there was ample opportunity to tamper with the ballots. Under these circumstances the circuit court correctly held the ballots had not been properly preserved, and that the election returns were controlling.

The judgment is affirmed.    *Judgment affirmed.*