(No. 10978.—Reversed and remanded.)

T. A. POWERS, Appellant, *vs.* C. J. BAUM, Appellee.

*Opinion filed February 21, 1917.*

1. ELECTIONS—*voter may write in name of person whose name is not upon the ballot.* A person whose name does not appear upon the official ballot may be voted for by writing his name on the ballot under the designation of an office and placing in front of it a cross in a square.

2. SAME—*what is not necessarily a distinguishing mark.* The erasure of names of candidates on a ballot by pencil marks drawn through them does not necessarily constitute a distinguishing mark requiring the rejection of the ballot.

3. SAME—*when ballots should not be counted for either of two candidates.* Ballots showing a clear intention of the voter not to vote for either of the parties to an election contest but for a third person whose name has been written in cannot be counted for either of the parties, regardless of the question whether the ballots are so marked that they could legally be counted for such third person.

4. APPEALS AND ERRORS—*when alleged error in admitting ballots in evidence is waived.* Alleged error in the admission of ballots in evidence in the trial court upon the ground that they had not been properly preserved will be deemed to have been waived by the appellee in the Supreme Court unless cross-error is assigned, although he objected to the ballots upon such ground and preserved an exception to the overruling of his objection.

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

D. D. DONAHUE, for appellant.

LIVINGSTON & BACH, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, C. J. Baum, having been declared elected collector of the town of Blue Mound, in McLean county, the appellant contested the election in the county court and has appealed from the judgment against him.

The ballots were produced in court, and 159 were counted for the appellant and 153 for Baum without objection. Fourteen ballots were objected to. Two tickets, only, were represented on the official ballot,—the republican and democratic,—Baum being the republican candidate and the appellant the democratic. Mrs. Emma Jones was voted for by a number of electors writing her name on the ballot. Of the fourteen contested ballots, nine (being exhibits A-1, B, C, E, F, J, K, L and M,) contained the name of Mrs. Jones written in under the heading "For collector," sometimes above, sometimes below and sometimes on the printed name of the candidate, with such printed name sometimes erased by drawing pencil lines through it and sometimes not erased, sometimes with and sometimes without a penciled square containing a cross before the name. We have held that votes may be cast for a person whose name does not appear upon the official ballot by writing his name in the ballot under the designation of an office and placing in front of it a cross in a square, and that the erasure of names of candidates by pencil marks drawn through them does not necessarily constitute a distinguishing mark requiring the rejection of the ballot. (*Sanner* v. *Patton,* 155 Ill. 553; *Parker* v. *Orr,* 158 id. 609.) Whether the ballots in question could all properly be counted for Mrs. Jones or not, in each case the intention was apparent not to vote for the candidate upon either the republican or democratic ticket, and these ballots should not have been counted for either of them. It is not necessary to consider the other five ballots objected to, for if they were all counted for Baum his total vote would still be one less than that of the appellant.

It is argued on the part of the appellee that the ballots were improperly admitted in evidence because the evidence in regard to their custody and preservation was not such as to show that there was no opportunity for tampering with the ballots after the election. The appellee, Baum, objected

to the admission of the ballots on this ground and preserved an exception to the overruling of his objection but has assigned no cross-error on the action of the court in this particular. The error, if any, is therefore deemed to have been waived and we cannot consider it.

The judgment of the county court will be reversed and the cause remanded, with directions to enter a judgment finding the appellant to have been elected.

*Reversed and remanded, with directions.*