---

(No. 13602.—Reversed and remanded.)
W. N. SIEVERS *et al.* Appellees, *vs.* JOHN HANNAH, Appellant.

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. ELECTIONS—*elector must indicate his vote by a cross.* Under the statute an elector must indicate his vote by making a cross either in the circle at the head of the ticket or in the square to the left of the name of a candidate, whether such name is printed or is written in in a blank space; and a ballot containing no cross cannot be counted.

2. SAME—*when ballot having name written in must be counted for another candidate.* Where a ballot has a cross in the party circle on one ticket and the single name "Alexander" written in the blank space for the candidate for commissioner of highways on another ticket but having no cross in the square to the left of the name written in, the ballot must be counted for the candidate for commissioner of highways on the ticket marked with a cross in the party circle.

3. SAME—*when ballot cannot be counted though name is written in.* In a proceeding to contest an election for commissioner of highways, ballots in which the single name "Alexander" is written in and a cross marked in the square to the left of his name can not be counted, where the evidence shows there are four male persons of the name of Alexander living in the town who are eligible to hold the office of commissioner of highways.

4. Same—*substantial accuracy in spelling name written in is required.* While it is not necessary that the name of a candidate written upon a ballot shall be spelled correctly, yet it must be spelled with sufficient accuracy for the election officials to ascertain from the ballot the intention of the voter.

5. Same—*what is not a distinguishing mark.* A ballot having a plain cross in the square to the left of the name of a candidate for commissioner of highways should be counted for him, although there is on the same ticket, in the square to the left of the name of the candidate for supervisor, a diagonal line intersected at practically right angles by three short lines.

6. Same—*when ballots should be counted because of cross in party circle.* Ballots having a cross in the party circle at the head of one ticket should be counted for the candidate for commissioner of highways on such ticket though one of the ballots has a diagonal line in the square to the left of his name and crosses in the squares to the left of the names of all other candidates for office on such ticket, and the other is in the same condition except that there is no mark in the square to the left of his name but a name is written in on another ticket in the space left for candidate for supervisor, though the name written in is the name of the man whom others were supporting for highway commissioner on such other ticket.

APPEAL from the County Court of Piatt county; the Hon. W. A. Doss, Judge, presiding.

A. C. Edie, and Green & Palmer, for appellant.

Carl S. Reed, and Herrick & Herrick, for appellees.

Mr. Justice Thompson delivered the opinion of the court:

Appellant, John Hannah, was declared by the judges of election and the canvassing board to have been duly elected to the office of highway commissioner for the town of Sangamon, in Piatt county, Illinois. A large number of electors of the town filed a petition in the county court of Piatt county to contest the election, their contention being that William Alexander had received a plurality of the votes cast. The election returns showed that John Hannah, the republican nominee, had received 136 votes, that F. D. Blacker, the democratic nominee, had received 103

votes, and that William Alexander, a candidate of no party, had received 131 votes.   On the hearing of the contest the county court found that Hannah and Alexander had each received 130 votes and directed that they cast lots to determine the tie.   Alexander won the cast and was declared elected.   Appellant has prosecuted this appeal from that judgment and appellees have assigned cross-errors.

The ballot used at said election was in the following form:

| ○ REPUBLICAN | ○ DEMOCRATIC | |
|---|---|---|
| For Supervisor | For Supervisor | For Supervisor |
| ☐ J. M. BRANCH | ☐ NOBLE P. HEATH | ☐ ............... |
| For Town Clerk | For Town Clerk | For Town Clerk |
| ☐ GLENN A. DELAND | ☐ REGNOLD MITCHELL | ☐ ............... |
| For Assessor | For Assessor | For Assessor |
| ☐ EMERSON EVANS | ☐ J. R. WILSON | ☐ ............... |
| For Commissioner of Highways | For Commissioner of Highways | For Commissioner of Highways |
| ☐ JOHN HANNAH | ☐ F. D. BLACKER | ☐ ............... |

All votes that were cast for William Alexander were written on the ballot in the blank space at the foot of the right-hand column.   The total number of ballots cast was 430.   Of these it was stipulated on the trial that 126 were properly counted for Hannah, 102 for Blacker and 69 for Alexander.   It is further stipulated that seven of the ballots should not be counted for any candidate.   The ballots were marked for identification by the county judge by placing a number in the upper left-hand corner of each ballot, the men's ballots being numbered from 1 to 289, inclusive, and the women's ballots being numbered from 301 to 441, inclusive.

Ballots Nos. 124 and 161 were improperly rejected by the trial court and should have been counted for Blacker. Ballot No. 367 was properly counted for Blacker.   Blacker's total vote was therefore 105.   This leaves 123 votes in dispute between Hannah and Alexander.

The county court properly counted for Hannah ballots numbered 49, 89, 103 and 127.   Ballots numbered 49 and 103 had imperfect crosses in the republican circle.   Bal-

lot 89 had a cross in the republican circle, a cross in each of the first three squares in the republican column, and a diagonal straight line in the square in front of Hannah's name. Ballot 127 had a cross in the republican circle, a cross in the first three squares in the republican column, and the name "William Alenanda" written in the blank space "For supervisor" at the top of the right-hand column. While there were several unnecessary marks on these ballots such marks were not distinguishing marks and did not invalidate the ballots, (*Parker* v. *Orr,* 158 Ill. 609; *Pierce* v. *People,* 197 id. 432;) and the ballots were properly counted as straight republican ballots.

The court erroneously counted for Alexander ballots 106, 107, 110, 248 and 384. These ballots have written in the blank space "For commissioner of highways" at the bottom of the right-hand column the one name "Alexander," and a cross was properly placed in the square at the left of this name. The oral proof in this record shows that at the time the election was held there were four male persons of the name of "Alexander" living within the limits of the town of Sangamon who were eligible to the office of commissioner of highways. How many female persons of the same name lived within the town who were eligible to the office does not appear. It is not possible to tell from an inspection of these ballots for whom the elector intended to vote, and the ballots should not have been counted for anyone. (*McCreery* v. *Burnsmier,* 293 Ill. 43.) It is incumbent upon the voter to indicate his intention on his ballot in the manner required by law, with sufficient certainty to enable the judges of election to determine for whom he voted.

The court refused to count for any candidate for commissioner of highways ballots 62, 111, 113, 170, 366 and 370. All these ballots had the name "Alexander" written in the blank space at the bottom of the right-hand column but there was no cross in the square at the left of his

name. The statute requires that the voter shall make a cross in the square opposite the name of the candidate of his choice or in the party circle. This is the only method provided by law for the voter to express his intention, and no ballot can be counted for any candidate where the elector fails to express his choice by placing a cross in the party circle or in the square to the left of the name of the candidate; (Hurd's Stat. 1917, p. 1350;) and this is true whether the name be printed or written on the ballot. (*Powers* v. *Baum,* 277 Ill. 200; *McCreery* v. *Burnsmier, supra.*) On all these ballots there is a cross in the republican circle, and this gives a vote to Hannah unless there are other marks on the ballot which clearly express the intention of the voter to vote otherwise. (*Isenburg* v. *Martin,* 293 Ill. 408.) The writing of the name "Alexander" in the space at the bottom of the right-hand column without placing a cross in the square to the left of his name does not overcome the intention of the voter expressed by the cross in the republican circle, and therefore these ballots should have been counted for Hannah.

Ballot 140 has a plain cross in the square to the left of the name "Hannah" and a plain cross in the square to the left of the name "DeLand" on the republican ticket and "Wilson" on the democratic ticket. In the square to the left of the name "Branch" on the republican ticket is a straight line running diagonally from the upper right-hand corner of the square to the lower left-hand corner of the square. Cutting this line at approximately right angles are three short lines. While this is not a cross, strictly speaking, it is more clearly a cross than the character approved in *Parker* v. *Orr, supra,* at the bottom of page 619 of the opinion. The trial court erred in refusing to count this ballot. The intention of the voter clearly expressed is to cast the ballot for Hannah, and it should be counted for him. The mark was not such a distinguishing mark as would invalidate the ballot.

Many of the ballots counted for Alexander have the name spelled in such a way that the imagination must be called upon to determine that the voter intended to vote for William Alexander. For example, it is spelled "elexanda," "Exander," "alevander," "auander," "Alenauer," "elicxan," "Aleciender," "Axlender" and "Olexander." Some of the characters used to designate the name are so imperfectly written that we do not attempt to spell them, but by knowing the candidate who was being voted for at the election and by drawing upon the imagination it is possible to determine that the voter intended to vote for William Alexander. All these ballots were counted for Alexander, and if they were decisive of the election they would present a grave question. It is not necessary that the name be spelled accurately, (*Behrensmeyer* v. *Kreitz,* 135 Ill. 591,) yet it must be spelled with sufficient accuracy for the election officials to ascertain from the ballot the intention of the voter.

Appellees have assigned cross-errors, by which they urge that the court erred in refusing to count 54 ballots for William Alexander on which his name was written in the space "For commissioner of highways" at the bottom of the right-hand column but on which no cross appeared in the square at the left of the name. As we have said, the law requires that the voter must express his choice of candidates by placing a cross in the proper place. His intention is not expressed by writing the name of a candidate in a blank space except where he also places a cross in the square opposite such candidate's name or in the circle at the top of the column. The requirements of the law are simple, and if the voter does not comply with them the election officials cannot count the ballot that he casts. (*McCreery* v. *Burnsmier, supra.*) The county court properly refused to count these ballots for Alexander.

The court counted for Alexander five votes that it should not have counted for him and refused to count for

Hannah seven votes that should have been counted for him. The result of the election was therefore 137 votes for Hannah, 105 votes for Blacker and 125 votes for Alexander. There were 63 ballots on which the electors did not legally express their choice and which cannot be counted for either candidate.

There are several questions of procedure presented by this record which might have disposed of the contest without a decision on the merits, but we have preferred to consider the cause on its merits, and the conclusion we have reached makes it unnecessary for us to consider the procedural questions. It is also unnecessary to consider the objection made to the care of the ballots.

The judgment of the county court is reversed and the cause is remanded, with directions to enter a judgment finding appellant to have been elected.

*Reversed and remanded, with directions.*