ALFRED JAMES STRAMAGLIA, Plaintiff-Appellant, *v.* EDWARD W. JENKINS, Defendant-Appellee.

(No. 71-368; ▮▮▮▮▮▮▮

Second District—February 15, 1973.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Edward W. Jenkins, *pro se.*

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Edward W. Jenkins, the defendant, was declared elected to the office of mayor of the city of Darien, Illinois. The plaintiff, Alfred James Stramaglia, who was a write-in candidate for the office, filed a petition to contest the election. Ill. Rev. Stat. 1971, ch. 46, par. 23—20.

After ordering a recount of the ballots, the court found that defendant was ahead by 37 votes and declared him elected. In so doing, the trial court interpreted Ill. Rev. Stat. 1971, ch. 46, par. 17—11,[1] and found that 120 ballots upon which plaintiff's name was written-in for the office of mayor, but with no (X) placed opposite the name, were defective and would not be counted. The court further found the statute constitutional. Plaintiff has appealed.

---

[1] "* * * [t]he voter shall * * * prepare his ballot by making in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice for each office to be filled, *or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (X) opposite thereon;* * * *." (Underlining added.)

Plaintiff initially argues that to require a cross, in addition to the writing in of the name, violates Section 3 of Article III of the Illinois Constitution, which provides for free and equal elections; and violates his right to equal protection of the laws under the Fourteenth Amendment of the Federal Constitution. Specifically, he argues that his rights are violated because he has to perform both the writing in of the name and the placing of an (X) opposite thereto, while the voter desiring to vote for a candidate whose name is printed on the ballot is only required to perform the act of marking the (X) next to the candidate's name. He reasons that the writing in of the name has clearly shown the voter's intention without the mark. Defendant counters that it is not the making of the cross, but rather the writing in of the name which is the additional or unusual act, and that this is required as the only way to place on the ballot the name of one who does not follow the freely available statutory method which would result in the printing of his name on the ballot.

Section 17—11 has its antecedent in Section 23 of the original Ballot Law of 1891. In the long legislative history in which the Section has remained unchanged it has survived previous attacks on constitutional grounds. In *Sanner v. Patton* (1895), 155 Ill. 553, 565, the clause that permitted the writing in the name of a candidate was challenged on the theory that it destroyed the secrecy of the election process. The court held the statute constitutional. More recently, in *Scribner v. Sachs* (1960), 18 Ill.2d 400, 404, the court noted that the constitution does not require that a cross be used to indicate a vote in any election but leaves to the legislature the manner of holding an election. The court concluded (416-418) that the statute required a cross to the exclusion of a "Yes" or other marking and that the requirement did not offend either the State or Federal Constitutions. The court stated, page 413-414:

> "As to the marking of a ballot, we have consistently followed the holding in *Parker v. Orr*, 158 Ill. 609, decided in 1895, that the "X" used in directing the manner of voting is merely directory as to the exact form of cross to be used, but that an honest attempt to make a mark which resembles a cross must appear on the ballot. No case is cited, nor do we find one, which holds to the contrary."

While the particular requirement of Section 17—11 requiring the writing in of the name of the candidate and the making of a cross (X) opposite thereto, has not previously been constitutionally attacked in the conjunction as here, the reasoning of the above cases applies to support the provision. The (X) without the name would, of course, signify nothing; and the written-in name is a necessary substitute for the usual method of placing a candidate's name on the ballot. The legis-.

lature may prescribe the method of voting; and its clear intention to require both the (X) and the written-in name serves a reasonable legislative purpose and is constitutionally permissible. In our view, the requirement of the (X) as well as the written-in name serves to preserve the uniformity of the ballot.

■■ The plaintiff further contends that we should construe the statute as directory only, and count the ballots on which his name is written but no mark is placed opposite the name. It is true that the manner of the making of the (X), whether it is enclosed in a square or a circle, and the exact place where the mark is made, have been held to be directory so as not to invalidate ballots where the intention of the voter was clear. (e.g., *Gulino v. Cerny* (1958), 13 Ill.2d 244, 247-248; *Patterson v. Johnston* (1927), 328 Ill. 101, 105-106; *Schribner v. Sachs* (1960), 18 Ill.2d 400, 414-415.) But in no case has a marking other than a cross been held sufficient even though it could be said that the intention of the voter was otherwise shown. (*Scribner v. Sachs* (1960), 18 Ill.2d 400, 414-416.) The cases have consistently held that the marking of an (X) in some form is mandated under the statute. In *Sanner v. Patton* (1895), 155 Ill. 553, the court stated, on page 564:

> "We are satisfied that the legislature, when they adopted that part of section 23 which authorizes the voter to write the name of the candidate of his choice in a blank space on the ticket, making a cross opposite thereto, did so advisedly, and for the purpose of preserving the right of suffrage which belongs to the voter."

In *Parker v. Orr* (1895), 158 Ill. 609, the court stated on page 617:

> "* * * [t]he voter's intention must be manifested by a cross, substantially in the place designated, which the judges of elections, or the court on a re-count, can see was an honest attempt to follow the directions of the law."

See also *Apple v. Barcroft* (1895), 158 Ill. 649, 651.

In *McCreery v. Burnsmier* (1920), 293 Ill. 43, the court held that the rule was "peremptory" that the cross should be to the left of the name and that the simple requirements of the law were not complied with when the write-in candidate's name was placed upside down so that the mark was to the right of the name.

*Sievers v. Hannah* (1921), 296 Ill. 593, decides the issue contrary to the position of plaintiff on essentially similar facts. On 54 ballots, a candidate's name was written in but no cross appeared in the square to the left of his name. In holding that these ballots could not be counted the court stated, page 598:

> "As we have said, the law requires that the voter must express his choice of candidates by placing a cross in the proper place. *His*

*intention is not expressed by writing the name of a candidate in a blank space except where he also places a cross in the square opposite such candidate's name or in the circle at the top of the column.* The requirements of the law are simple, and if the voter does not comply with them the election officials cannot count the ballot that he casts. (*McCreery v. Burnsmier, supra.*)" (Underlining added.)

Plaintiff has sought to distinguish *Sievers* on the basis that the 54 votes there in question did not decide the election, whereas the votes before us are decisive. However, this did not make the holding in *Sievers* merely *obiter dicta* inasmuch as the issue was squarely presented to the court and ruled upon. (*Larson v. Johnson* (1953), 1 Ill.App.2d 36, 40.) In any event, we consider the reasoning to be sound and consistent with the clear intent of the legislature as uniformly interpreted.

We affirm the judgment below.

Affirmed.

T. MORAN, and GUILD, JJ., concur.